UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211CR-HURLEY

UNITED STATES OF AMERICA,

vs.

THOMAS NAROG,
    Defendant.
_____/

NIGHT BOX FILED

DEC 18 2000

CLERK, USDC / SDFL / WPB

### MOTION TO REOPEN AND RECONSIDER THE
### PRETRIAL DETENTION OF THE DEFENDANT NAROG
### [WITH AUTHORITY]

COMES NOW the Defendant aforesaid, by the counsel undersigned and makes Motion to this Court to Reopen and Reconsider the Pretrial Detention of the Defendant Narog and states:

1. The Defendant was arrested in August 2000 and charged, in a Seven Count Indictment, with offenses sounding in pseudoephedrine related matters, such being a "precursor" type drug.

2. That on 8 August 2000 a pretrial detention hearing was had, various matters were presented by the Government and on cross examination by the Defendant. Too certain matters were asserted as to the various Co-Defendants and the positions they occupied in this "operation".

3. The undersigned filed a permanent appearance and was going to file a Motion to Reopen the Bond matter several months ago, however, the Government suggested the defense await the results of the bond issues of Rabah el Haddad and Mohammed Samhan, as they were in a position relative to the Defendant that placed their situations in a similar bond circumstance.

4. That each of those Defendants neither being U.S. citizens, which the Defendant is, was granted bail, and the release on bail was upheld by Judge Hurley.

5. Numerous other Co-Defendants are out on bail, and not all the relevant circumstance that ought have been presented.

6. That rather than this, both the undersigned and the Government, Larry Bardfeld, due to the bond grants to the Co-Defendants feel the Court ought revisit the bond issue and place the Defendant in a similar situation to like Co-Defendants, albeit the Defendant is the one American.

7. The parties should be able to agree on conditions of release and amounts of bail if

the Court is so inclined.

8. That there are other matters that were alluded to by counsel regarding licensing, community ties, and other factors to rebut the presumption that could have been presented [as was done ie, by Co-Defendant Samhan] that could have been presented.

9. That had prior counsel been aware of these matters as set further herein above he could have argued against the facts suggested by the prosecution. Too he could have then presented the numerous witnesses that were available and willing to testify for the Defendant. However, rather than complete that exercise the parties seek to have the Court allow the parties to appear and address the issue of bond due to a change of circumstance occasioned by the, in essence, disparate treatment.

10. The Government and the Defendant have agreed to a bond of 100,000 Corporate Surety, the pledging of the properties owned by the Defendant as will be set forth in hearing as well as electronic monitoring.

WHEREFORE the Defendant requests this Motion be granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this 10th day of December, 2000.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
[954] 467-6767

By: _____
FRED HADDAD
Florida Bar No. 180891

## SERVICE LIST

Larry Bardfeld, Esq.
Office of the U.S. Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394-3092

Timothy Basiello, Esq.
33 N. Dearborn Street
Chicago, IL 60602

Leonard Penn, Esq.
DeFabio and Penn, P.A.
2121 Ponce de Leon Blvd, Suite 430
Coral Gables, Florida 33134

Glenn Seiden, Esq.
33 N. Dearborn Street, Suite 1015
Chicago, IL 60602

Richard Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

Mark NeJame, Esq.
1 South Orange Avenue, Suite 304
Orlando, Florida 32801

John R. Howes, Esq.
633 S.E. 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Theodore Weeks, Esq.
1 Lake Morton Drive
P.O. Box 3
Lakeland, Florida 33802