UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211CR-HURLEY

**NIGHT BOX FILED**

DEC 26 2000

CLERK, USDC / SDFL / WPB

UNITED STATES OF AMERICA,

vs.

THOMAS NAROG,
    Defendant.
_____/

## MOTION FOR BILL OF PARTICULARS AND DISCOVERY REGARDING ELECTRONIC SURVEILLANCE AND FOR ORDER DISCLOSING ALL INTERCEPTED COMMUNICATION

COMES NOW the Defendant, Thomas Narog, by the undersigned counsel and makes Motion for Bill of Particulars Regarding Electronic Surveillance and for an Order Disclosing All Intercepted Communications and the Defendant states:

1. The Government has stated in its answer to discovery that "the Defendant is not an aggrieved person, as defined in Title 18, United States Code Section 2510 (11) of any electronic surveillance".

2. That notwithstanding the Title 18 provisions, certain intercepts can be conducted pursuant to Title 50 U.S.C. §1801, Foreign Intelligence Surveillance Act (hereinafter sometimes for brevity F.I.S.A.) And since numerous foreign nationals are involved and such may have caused non Title 18 "wiretapping" or all phone interception.

3. That if the Defendant were intercepted he would be a person aggrieved and therefore entitled to the protections afforded by the Constitution.

4. The Defendant ought to be entitled to knowing the existence of any FISA tapes and the Court should order the production of same.

5. That after notification if any of any interceptions as above requested, the Defendant

would then either move to produce, suppress or dismiss or whatever need be.

    6.    Therefore, and in accordance herewith the Defendant requests disclosure of the following material:

    A.    *Discovery Relating to Electronic Surveillance Procedures*

    1).    Any and all authorizations and certifications for electronic surveillance without a court order, if any such surveillance occurred pursuant to 50 U.S.C. §1802.

    2).    Any and all authorizations for emergency employment of electronic surveillance prior to an application, if any such surveillance occurred pursuant to 50 U.S.C. §18025(e).

    3).    Any and all applications for an order approving electronic surveillance submitted pursuant to 50 U.S.C. §1804.

    4).    Any and all written authorizations from the President to the Attorney General to approve the application(s) for electronic surveillance. 50 U.S.C. §1805(a)(1).

    5).    Any and all written approval of the Attorney General for the application(s) for electronic surveillance. 50 U.S.C. §1804(a).

    6).    Any other affidavit or certification required by the Attorney General from any officer in connection with the application(s). 50 U.S.C. §1804(c).

    7).    Any other information furnished to the issuing judge by the applicant. 50 U.S.C. §1804(d).

    8).    Any and all order(s) approving electronic surveillance. 50

U.S.C. §1805.

9). Any and all documents reflecting minimization procedures or guidelines used in connection with the execution of surveillance order(s). 50 U.S.C. §1805(b)(2)(A).

10). Any and all surveillance logs kept and maintained during the execution of the surveillance.

11). Any and all pen register and trap and trace tapes kept and maintained during the execution of the surveillance.

12). Any and all reports provided to the issuing judge during the period of the electronic surveillance. 50 U.S.C. §1805(d)(3).

13). Any and all applications and orders of extension of surveillance. 50 U.S.C. §1805(d)(2).

B. *Discovery of Evidence or Material Obtained or Derived from Electronic Surveillance.*

14). Any and all tape recordings made pursuant to electronic surveillance.

15). Any and all transcripts of all conversations intercepted during the period of electronic surveillance.

16). A disclosure as to whether any conversations were overheard without being recorded; if so, which conversations, by whom and whether any efforts were made to preserve the contents of those conversations.

17). Access to original tape recordings with a defense expert to

examine the recordings for evidence of tampering.

7. Disclosure of the material and information set forth above will provide the Defendant some initial illumination and permit the due process and fundamental fairness in commencing their challenges to the electronic surveillance conducted by the Government.

8. If such exist, then the issues of disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Kyle v. Whitley*, __ U.S. __, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) and the statutes and constitution review would have to be undertaken [*United States v. Ott*, 827 F.2d 476 (9 Cir. 1987), 637 F.Supp. 62 (ED. Cal. 1986).

WHEREFORE the Defendant requests this Motion be granted.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the following parties listed below, this 20 day of December, 2000.

        HADDAD & HESTER, P.A.
        One Financial Plaza, Suite 2612
        Fort Lauderdale, Florida 33394
        [954] 467-6767

        By: _____
        FRED HADDAD
        Florida Bar No. 180891

**SERVICE LIST**

Larry Bardfeld, Esq.
Office of the U.S. Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394-3092

Timothy Basiello, Esq.
33 N. Dearborn Street
Chicago, IL 60602

Leonard Penn, Esq.
DeFabio and Penn, P.A.
2121 Ponce de Leon Blvd, Suite 430
Coral Gables, Florida 33134

Glenn Seiden, Esq.
33 N. Dearborn Street, Suite 1015
Chicago, IL 60602

Richard Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

Mark NeJame, Esq.
1 South Orange Avenue, Suite 304
Orlando, Florida 32801

John R. Howes, Esq.
633 S.E. 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301


Theodore Weeks, Esq.
1 Lake Morton Drive
P.O. Box 3
Lakeland, Florida 33802