NIGHT BOX
FILED

JAN 26 2001

CLERK, USDC / SDFL / WPB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY

UNITED STATES OF AMERICA      )
                              )
v.                            )
                              )
THOMAS NAROG                  )
                              )
_____)

### UNITED STATES' RESPONSE TO INITIAL MOTION TO SUPPRESS STATEMENTS

The United States of America, by and through undersigned counsel, hereby files this response to Defendant, THOMAS NAROG's Initial Motion to Suppress Statements. THOMAS NAROG, accompanied by counsel, made post arrest statements to DEA Agents after he was arrested. NAROG seeks to suppress the statements claiming that he was not read his Miranda warnings, and that if he were read those Miranda warnings he did not fully understand or recognize the significance of those warnings. NAROG's Motion is without merit and should be denied.

On July 29, 2000, THOMAS NAROG was arrested by DEA agents. Agents approached his residence, knocked on his door, announced they were Federal Agents and informed him that they had a warrant for his arrest. He was taken into custody without incident. DEA

Group Supervisor Steve Randerson read Mr. NAROG his Miranda rights, which were witnessed by Special Agent Mike Baker. Those rights were read to Mr. NAROG from a DEA Rights Card. A copy of that rights card is attached as Exhibit 1.[1] After reading him those rights from the card, Group Supervisor Randerson asked NAROG if he understood those rights; NAROG replied that he did. NAROG was then asked if he wished to speak to the agents concerning the reasons for his arrest and NAROG said that he did.

NAROG was transported to DEA's Fort Lauderdale District Office for processing. At the office, NAROG stated that he wanted to call his attorney, Richard Capalbo, and have him present during questioning. Attorney Capalbo was contacted and agreed to come to the DEA office for questioning of NAROG. Mr. NAROG then chose to avail himself of the opportunity to answer some of the questions posed to him in order to try to convince the agents that he was a legitimate businessman and was not involved in the conspiracy to possess and distribute pseudoephedrine. There is no basis to suppress any statements made by NAROG.

NAROG voluntarily, knowingly and intelligently waived his rights and made statements to the agents. See Miranda v. Arizona,

---

[1] NAROG was informed that he had the right to remain silent. He was also informed that anything he said could have been used against him in court. He was told that he had the right to talk to a lawyer for advice before answering any questions and that the lawyer could be present during questioning. He was also told that if he could not afford a lawyer, one would be appointed for him. See Exhibit 1.

384 U.S. 436, 475 ((1966). NAROG voluntarily waived his rights and was aware that the rights were being waived and the consequences of waiving those rights. In determining the validity of the waiver, this Court should look at the totality of circumstances surrounding the interrogation. See Moran v. Burbine, 475 U.S. 412, 421 (1986). Factors to consider include the suspect's age, intelligence, education, familiarity with the criminal justice system and mental and physical condition.

NAROG is a 68 year old businessman. There is nothing to suggest that he is incapable of understanding the rights that were read to him and his relinquishment of those rights. In fact, NAROG requested the assistance of counsel and received it. His attorney met him at DEA and was with him during questioning. Mr. NAROG wished to explain to the agents how they were mistaken when they arrested him. His claim that he was a legitimate businessman selling pseudoephedrine was his attempt to try to talk his way out of trouble. While his attorney was present, NAROG attempted to explain his involvement in this case and tried to explain the legitimate nature of his business.

Defendant was read his rights pursuant to Miranda. Defendant knowingly, voluntarily, and intelligently waived his rights. Defendant sought and received the assistance of counsel who was present during questioning when NAROG made a statement.

WHEREFORE, the United States respectfully requests that this Court deny Defendant, THOMAS NAROG's Initial Motion to Suppress Statements.

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: _____
    LAURENCE M. BARDFELD
    Assistant U.S. Attorney
    500 East Froward Blvd., #700
    Ft. Lauderdale, Florida  33394
    (954) 356-7255, Fax: 356-7228
    Fla. Bar No. 712450

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand-delivered this 26th day of January, 2001, to: Fred Haddad, One Financial Plaza, Suite 2614, Fort Lauderdale, FL 33394.

LAURENCE M. BARDFELD
ASSISTANT U.S. ATTORNEY



