NIGHT BOX
FILED

JAN 26 2001

CLERK, USDC / SDFL / WPB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY

UNITED STATES OF AMERICA )
)
v. )
)
THOMAS NAROG )
)
_____)

UNITED STATES' RESPONSE TO MOTION FOR ADDITIONAL DISCOVERY

The United States of America, by and through undersigned counsel, hereby files this response to Defendant, THOMAS NAROG's Motion for Additional Discovery and Specific Request for Production of All Brady/Agurs Favorable Material.

Defendant seeks various items of discovery pertaining to the investigation and prosecution of this case. Defendant seeks four categories of discovery materials, more particularly described in his memorandum: 1) Statements of Co-defendants or Unindicted Co-conspirators; 2) Inducements, Payments or Promises to Witnesses; 3) Impeachment and Other Brady/Agurs Favorable Material; and 4) Discovery Relating to Non-Government Witnesses.

The Government is aware of its continuing duty to disclose information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and

the obligation to assure a fair trial. However, <u>Brady</u> is not an evidentiary rule that grants broad discovery powers to a defendant. See <u>United States v. Quinn</u>, 123 F.3d 1415, 14221 (11th Cir. 1997). "There is no general constitutional right to discovery in a criminal case, and Brady did not create one . . . ." <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977). Accordingly, except to the extent that these requests comply with the Standing Discovery Order, this Motion should be denied.

1. <u>Statements of Co-defendants or Unindicted Co-conspirators</u>.

The United States is aware of its discovery obligations pursuant to Rule 16 and the Standing Discovery Order. All statements made by co-defendants or unindicted co-conspirators in this case have been provided to defense counsel or have been made available for copying and inspection. To the extent that Defendant seeks statements that a non-witness may have made, defendant is not entitled to such a request, unless such statements are exculpatory pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Under <u>Brady</u>, the government is required to disclose material favorable to the defendant on the issue of guilt, including material affecting the credibility of witnesses. <u>Brady</u> is not a rule of discovery. See <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977). It does not authorize the defendant to search through the government's files in the hope that he can find something useful. See <u>United States v. Barshov</u>, 733 F.2d 842, 848 (11th Cir. 1984). There is no

requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case. See Moore v. Illinois 408 U.S. 786, 795 (1972). The fact that defendant might pursue possible defense leads does not entitle him to know everything that a Government investigation has unearthed, especially, when such information is not used against him at trial. See United States v. Quinn, 123 F.3d 1415 (11th Cir. 1997); see also United States v. Arroyo-Angulo, 580 F. 2d 1137, 1144 (2d Cir. 1978) ("A criminal defendant is not entitled to know everything that a Government investigation particularly one this far reaching has unearthed when such information is not used against him at trial").

The Standing Discovery Order and Brady require the Government to disclose to the defendant favorable evidence which may be contained in non-witness statements. To the extent this motion seeks discovery which exceeds the requirements of the Standing Discovery Order, this motion should be denied.

2. Inducements, Payments or Promises

Defendant seeks any and all considerations which it has held out to a witness, or which the witness may anticipate will result in the event the witness cooperates. At this time, the United States has not entered into any plea agreements with any defendants who will testify at trial for the United States. If the United States calls a witness to testify and that witness receives (or

3

expects to receive) any inducement, payment or promise in exchange for that testimony, such information will be provided to defendant. Once a determination has been made as to which co-defendants (if any) will plead guilty and testify for the United States, such information promptly will be disclosed to Defendants.

3. <u>Impeachment and Other Brady/Agurs Favorable Material</u>.

The United States is cognizant of its responsibilities pursuant to the Standing Discovery Order and <u>Brady</u>. The United States has provided and made available all discovery which may be favorable to the defense pursuant to <u>Brady</u>. The United States will disclose any and all impeachment material or other material affecting the credibility of any witness it may call at trial. Any material that has not yet been provided which should be produced (the United States does not know of any such material at this time) will be provided in sufficient time for Defendant to be able to adequately use it to prepare for trial.

4. <u>Discovery of Non-Government Witnesses</u>

As previously discussed, <u>Brady</u> is not a discovery tool; it merely places an obligation on the Government to disclose evidence which is either material to the guilt or punishment of the defendant and is exculpatory. <u>See</u> <u>Weatherford</u>, 429 U.S. at 845-846; <u>see also</u> <u>United States v. Quinn</u>,123 F.3d at 1421.

Rule 16 and the Jenks act address the pretrial disclosure of statements required to be produced. They do not require the

4

disclosure of statements of non-witnesses at any time. Since <u>Brady</u> does not authorize the defendant to search through the Government's files in the hope that it may find something useful, Defendant should not be entitled to statements of people who will not be witnesses at trial. See <u>United States v. Barshov</u>, 733 F. 2d at 848; <u>United States v. Arroyo-Angulo</u>, 580 F.2d at 1143. Defendant should not be entitled to review all statements made by any person involved in the investigation of this case who will not be witnesses at trial. If such witnesses have information which is exculpatory, the United States recognizes its obligation to turn over such statements, and will do so. However, to the extent that Defendant seeks pretrial discovery of statements made by any people involved in this extensive investigation who are not witnesses, such a request should be denied.

In conclusion, the United States is aware of its discovery obligations pursuant to the Standing Discovery Order. All of the items requested, consistent with Standing Discovery Order have been provided or are available for inspection and review.

WHEREFORE, the United States respectfully requests that this Court deny Defendant, THOMAS NAROG's Motion for Additional Discovery and Specific Request for Production of All Brady/Agurs Favorable Material, except to the extent that it is consistent with Government's obligations pursuant to the Standing Discovery Order.

    Respectfully submitted,

    GUY A. LEWIS
    UNITED STATES ATTORNEY

By: _____
    LAURENCE M. BARDFELD
    Assistant U.S. Attorney
    500 East Froward Blvd., #700
    Ft. Lauderdale, Florida  33394
    (954) 356-7255, Fax: 356-7228
    Fla. Bar No. 712450

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand-delivered this 26th day of January, 2001, to: Fred Haddad, One Financial Plaza, Suite 2614, Fort Lauderdale, FL 33394.

LAWRENCE M. BARDFELD
ASSISTANT U.S. ATTORNEY