UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

THOMAS NAROG,

        Defendant.
_____/



## OMNIBUS ORDER

**THIS CAUSE** is before the Court on general Order of Reference from United States District Court Judge Daniel T.K. Hurley for disposition and/or report and recommendation of all pending pretrial criminal motions.

Before the Court are Defendant's Motion for Additional Discovery and Specific Request for Production of Brady/Agurs Favorable Material (DE 229), a Motion for Bill of Particulars and Discovery Regarding Electronic Surveillance and Order Disclosing All Intercepted Communication (DE 234).

Additional defense motions have been ruled on in separate Orders denying the same. This Court notes that not one defense motion filed by Defendant, NAROG, contained the required certificate pursuant to Local Rule 88.9. Indeed had counsel consulted prior to the filing of these various motions, no grounds would have existed for the filing of the same other than Defendant's Motion to Suppress Evidence (DE 231). Any future motions not bearing the required 88.9 Certificate (after good faith compliance) will

be stricken.

Defendant moves the Court for additional discovery including written or recorded statements made by co-defendants or unindicted co-conspirators. Defendant seeks these statements whether or not made before or after the arrest, detention or deportation of these co-defendants or unindicted co-conspirators.

Defendant's Motion as to pre-arrest statements is DENIED. Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure does not apply to a co-conspirator's statements made in furtherance of the conspiracy. See United States v. Orr, 825 F.2d 1537 at 1541 (11th Cir. 1987). See also United States v. Tarantino, 846 F.2d 1348, 1418 (D.C. Cir. 1988), cert. denied, 488 U.S. 867, (109 S. Ct. 174 (1988)). In spite of the law not requiring the Government to produce such discovery, the Government's response to the Defendant indicates that all statements made by co-defendants or unindicted co-conspirators, have been provided to defense counsel or have been made available for copying and inspection. To the extent that Defendant's Motion is not moot, it is DENIED.

Defendant's, NAROG, Motion for Additional Discovery (DE 229), appears to overlap with MOHAMMED SAMHAN's Motion to Produce Specific Brady Evidence (DE 222), which Motion was adopted by THOMAS NAROG. This Court's Order with respect to SAMHAN is reiterated.

Brady is not a discovery tool. Brady places an obligation on the Government to disclose evidence to the Defendant which is either material to his guilt or punishment and is exculpatory. Brady is not an evidentiary rule that grants broad discovery powers to a Defendant. See United States v. Quinn, 123 F.3d 1415 (11 Cir. 1997). The Government has already been ordered to comply with the dictates of Brady. If the Government is

2

possessed of Brady information and withholds that information, it does so at its peril.

Defendant's Motion for Additional Discovery and Specific Request for Production of Brady/Agurs (DE 229) is DENIED in its entirety as either the evidence sought is not discoverable (United States v. Orr), is moot by the fact that it has already been provided, or is moot based on this Court's standing discovery Order.

Defendant, NAROG, moves for a bill of particulars and for discovery of any electronic surveillance made of him pursuant to either the wire tap statute or the Foreign Intelligence Surveillance Act. The Government responds that no such intercepts exist and therefore it has no discovery to provide to Defendant. Again, had counsel consulted prior to the filing of this Motion, Court resources would not have been wasted reading motions for which no valid basis in fact exists. Defendant's Motion is DENIED as moot.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 30 day of January, 2001.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:

Richard A. Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

AUSA - Larry Bardfeld (Ft. Lauderdale)

Timothy Basiello, Esq.
33 N. Dearborn Street
Chicago, IL 60602

Glenn Seiden, Esq.
33 N. Dearborn Street, Suite 1015
Chicago, IL 60602

Leonard Penn, Esq.
2121 Ponce de Leon Blvd., Suite 430
Coral Gables, FL 33134

Mark NeJame, Esq.
1 South Orange Ave., Suite 304
Orlando, FL 32801

John R. Howes, Esq.
633 S.E. 3rd Ave., Suite 4F
Ft. Lauderdale, FL 33301

Theodore Weeks, Esq.
1 Lake Morton Drive - P.O. Box 3
Lakeland, FL 33802

Fred Haddad, Esq.
One Financial Plaza, Suite 2612
Ft. Lauderdale, FL 33394