UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211CR-HURLEY

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

THOMAS NAROG,
    Defendant.
_____/

**NIGHT BOX FILED**
**JAN 3 0 2001**
CLERK, USDC / SDFL / WPB

## MOTION TO QUASH SEARCH WARRANTS AND SUPPRESS EVIDENCE AND STATEMENTS THAT RESULTED

COMES NOW the Defendant aforesaid by the counsel undersigned and makes this Motion to Quash certain search warrants and suppress evidence derived therefrom including any statements the Defendant may have made, and the Defendant would state as follows:

1. That the Defendant Narog had a DEA licensed business known as Seaside Pharmaceutical, which is a list I distributor for certain chemicals including, inter alia, pseudoephedrine.

2. That the DEA was allegedly conducting an extensive investigation of methamphetamine in California.

3. Certain bottles of "Tru Choice Maximum" brand pseudoephedrine were supposedly found at "clandestine chemical dumpsites".

4. That certain search warrants issued in this matter, to wit:

    a. Search Warrant under Case No. 00-4730BSS for a single family residence located at 8 Castle Harbor Isle, Fort Lauderdale, FL, under the hand of Honorable Barry Seltzer dated 29 July 2000 [a copy to be provided under separate "list of warrants"] and issued upon the affidavit and application of Special Agent Joseph Collins.

    b. Warrants 00-4731 and 4732 BSS to enter and search certain computers and organizers that were located at DEA headquarters both warrants issued by Judge Seltzer on Agent Collins application on 4 August 2000.

5. The single family residence is that of the Defendant; the computers, organizers and

other electronic matters are those of the Defendant and were seized from the residence during the July search thereof.

6. That the affidavit and applications fail to state probable cause for the search of the Defendant's residence or the subsequent search of the electronics seized therein.

7. The seven page affidavit filed by Agent Collins entirely sets forth the usual recitations of a narcotics case and the method and manner of operation of certain people. Too, the agent states that "there is probable cause to believe that this location contains evidence of the commission of the following crimes: possession and distribution of a listed chemical, having probable cause to believe, that the listed chemical will be used to manufacture a controlled substance and conspiracy to commit these offenses, in violation of Title 21 United States Code, Sections 841(d)(2), 843(a)(7), 843(a)(9) and 846. I have personally participated in the investigation of the above offenses, and as a result of this personal participation, as well as case information provided by DEA, local police officers in Florida and through my own investigation, I am familiar with the information submitted in this affidavit. The information contained in this affidavit is submitted for the sole purpose of supplying probable cause to support a search warrant for the location identified below. As a result, it does not contain all the information known regarding this investigation.

8. That a reading of the entire affidavit fails, it is submitted, to establish probable cause for the searches.

9. The portion of the residence warrant that is under the "Information Related to the Historical Activities of the Thomas Narog Organization" recites conclusions and suspicious of the agents based upon "intelligence" without any basis for this intelligence [see paragraph 9], or the fact that Narog's chemicals empty container [all legal and licensed] happened to find their way to the "dumpsite" which does not rise to the level of probable cause.

10. Paragraph ten described certain "controlled deliveries" of <u>non contraband</u> pseudoephedrine to alleged methamphetamine manufactures in California. What is lacking however, is anything that leads to the conclusion this licensed DEA registered pharmaceutical company is knowingly involved in shipping to those companies, as opposed to the DEA arranging and controlling the <u>entire</u> matter to cause a case to occur against the Defendant.

While that is left open, the absence of the answer illustrates the lack of probable cause for the warrant for the residence.

11. The paragraphs that purport to establish probable cause to search the Castle Harbor

Isle residence in fact are nothing more than suspicious offerings that are insufficient to allow the search of a residence, and hence the search violates the Fourth Amendment.

12. That the two search warrants that issued to search the electronic contents of the items seized from the Defendant's home were issued as a result of that constitutionally deficient warrant.

13. That the two applications for warrants for the "search" of the electronics fail to state probable cause for the search thereof and therefore the warrants ought be quashed.

14. That all three warrants ought be quashed.

## MEMORANDUM OF LAW

The Defendant would begin by expressing the obvious, that is before a search warrant may issue there must be probable cause to believe an offense has been committed and that the fruits, instrumentalities or evidence of crime are located in the place for which the warrant is sought. *Zurcher v. The Stanford Daily*, 436 U.S. 547, 98 S.Ct. 1970 (1978).

While the affidavit must be "tested and interpreted... in a common sense and realistic fashion". *United States v. Vantresca*, 380 U.S. 102, 108, 85 S.Ct. 741 (1965), inferences may be made only from the facts contained in the affidavit. *Whitley v. Warden of Wyoming Penitentiary*, 401 U.S. 560, 91 S.Ct. 1031 (1971). In this case the affidavit and applications for the Defendant's Castle Harbor Isle residence simply did not contain facts which demonstrated probable cause that there was a criminal violation of law by the Defendant of that the Defendant or his residence were connected thereto.

"[A]ll data necessary to show probable cause for the issuance of search warrant must be contained within the four corners of a written affidavit under oath". *United States v. Holzman*, 871 F.2d 1496, 1510 (1 Cir. 1989) (quoting *United States v. Anderson*, 453 F.2d 174, 175 (9 Cir. 1971)).

Here, nothing in the Collins affidavit for warrant directly or indirectly supports the proposition that the crime of possession and distribution of a listed chemical used to manufacture a controlled substance.

Under *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2328 (1983), the "totality of the circumstances" test is to be applied to determine whether probable cause exists to believe that incriminating evidence is located in a particular place at the time a warrant is issued.

Veracity of the persons supplying hearsay information is another factor. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. At 2332, at 2332. In the instant case, the affiant talks of intelligence

gathered, which obviously has to be based on hearsay or other sources that veracity of which is not provided the Court.

The authority of the probable cause paragraphs, if read keenly illustrate the lack of such cause.

WHEREFORE the Defendant requests this Motion be granted.

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the parties listed below, this 30 day of January, 2001.

                                    HADDAD & HESTER, P.A.
                                    One Financial Plaza, Suite 2612
                                    Fort Lauderdale, Florida 33394
                                    [954] 467-6767

                                By: _____
                                    FRED HADDAD
                                    Florida Bar No. 180891

**SERVICE LIST**

Larry Bardfeld, Esq.
Office of the U.S. Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394-3092

Timothy Basiello, Esq.
33 N. Dearborn
Chicago, IL 60602

Leonard Penn, Esq.
DeFabio and Penn, P.A.
2121 Ponce de Leon Blvd, Suite 430
Coral Gables, Florida 33134

Richard Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

Mark NeJame, Esq.
1 South Orange Avenue, Suite 304
Orlando, Florida 32801

John R. Howes, Esq.
633 S.E. 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Theodore Weeks, Esq.
1 Lake Morton Drive
P.O. Box 3
Lakeland, Florida 33802

Paul Goodman, Esq.
33 North Dearborn
Chicago, Illinois 60602