NIGHT BOX
FILED

MAR 07 2001

CLERK, USDC / SDFL / WPB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY/VITUNAC(s)

UNITED STATES OF AMERICA          )
                                  )
v.                                )
                                  )
THOMAS NAROG, et al.              )
                                  )
_____ )

### UNITED STATES' RESPONSE TO MOTION TO QUASH SEARCH WARRANTS AND SUPPRESS EVIDENCE

The United States of America, by and through undersigned counsel, hereby files this response to Defendant, THOMAS NAROG's Motion to Quash Search Warrants and Suppress Evidence. Defendant contends that there was not probable cause to search his residence located at 8 Castle Harbor Isle, Fort Lauderdale, Florida, or the computer and organizer seized from his residence. A common sense reading of the affidavits in support of the search warrants shows that there was probable cause. The Motion to Quash should be denied and the evidence seized pursuant to the search should not be suppressed.

In determining whether there was probable cause to believe that contraband or evidence of a crime will be found in a particular place, the Magistrate Judge issuing the warrant should

make a common sense decision of "whether given all of the circumstances set forth in the affidavit . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place." See Illinois v. Gates, 462 U.S. 213, 238 (1983). Courts reviewing the legitimacy of search warrants should not interpret supporting affidavits in a hypertechnical manner. Instead it should be interpreted in a common sense, realistic approach, so as to encourage recourse to the warrant process and to promote the high level of deference traditionally given to magistrate judges in their determination of probable cause. See Illinois v. Gates, 462 U.S. at 241 ("[P]robable cause deals with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."); see also United States v. Miller, 24 F.3d 1357, 1361 (11th Cir. 1994). A common sense reading of the affidavits in this case show that there was probable cause to search the residence, the laptop computer, and the organizer.

On July 29, 2000, the Honorable Barry S. Seltzer signed a search warrant authorizing the search of 8 Castle Harbor Isle, Fort Lauderdale, Florida. That address is the residence of Thomas Narog, the owner of Seaside Pharmaceuticals. Seaside Pharmaceuticals maintained its office and business records out of that residence at 8 Castle Harbor Isle. Seaside Pharmaceuticals

distributed massive quantities of "Tru-Choice Maximum" pseudoephedrine throughout the United States. Pseudoephedrine is a precursor in the manufacture of methamphetamine.

A review of the affidavit in support of the search warrant established that there was probable cause to search the residence. The residence at 8 Castle Harbor Isle is where Narog maintained the office and business records of Seaside Pharmaceuticals. Seaside Pharmaceuticals distributed "Tru-Choice Maximum" pseudoephedrine. Law enforcement officials began investigating Thomas Narog and Seaside Pharmaceuticals in March of 2000. Their investigation revealed that in July of 1999, NAROG registered with DEA as a List I chemical distributor of phenylpropanolamine, pseudoephedrine and ephedrine. The registration permitted NAROG/Seaside Pharmaceutical to engage in business transactions involving List I chemicals (including pseudoephedrine) but only with other DEA registered companies or corporations. In addition, Narog as a DEA registrant, had to abide by federal record keeping requirements.

The investigation of Narog and Seaside Pharmaceuticals revealed that thousands of bottles of "Tru-Choice Maximum" pseudoephedrine bottles were discovered at clandestine chemical dumpsites where methamphetamine was manufactured. Seaside Pharmaceuticals had diverted massive quantities of pseudoephedrine destined for methamphetamine organizations throughout the United States. Agents followed the "Tru-Choice Maximum" pseudoephedrine

from Narog and Seaside Pharmaceuticals to methamphetamine manufacturers in California, resulting in the seizure of significant amounts of United States currency and methamphetamine. Controlled deliveries of NAROG's "Tru-Choice Maximum" pseudoephedrine to methamphetamine manufacturers in California resulted in the seizure of approximately 2.5 million dosage units (pills) of pseudoephedrine, and numerous arrests.

Upon execution of the search warrant of the residence at 8 Castle Harbor Isle, agents discovered one Compaq Laptop computer and one BOSS organizer. Agents also discovered voluminous documentation relating to Seaside Pharmaceuticals. One of the bedrooms at Narog's residence was used as a business office for Seaside Pharmaceuticals. Inside that bedroom were numerous documents relating to the business of Seaside Pharmaceuticals including a computer and a Boss organizer.

Judge Barry S. Seltzer issued search warrants on August 4, 2000, for the laptop computer and BOSS Organizer. As the affidavits in support of those warrants indicate, Narog received extraordinarily large shipments of pseudoephedrine from drug manufacturers in New York. The large amounts of pseudoephedrine were being processed and manufactured into methamphetamine. Narog's "Tru-Choice Maximum" pseudoephedrine was found at sites where people were manufacturing and distributing methamphetamine.

There was probable cause to believe that the organizer would

contain names, addresses, telephone numbers, dates, times, schedules, appointments, notations and other stored information relating to the business of Seaside Pharmaceuticals and the distribution of pseudoephedrine. There was probable cause to believe that the computer would contain files, reports, disks, and other material relating to the business of Seaside Pharmaceuticals, including orders taken, product shipments, inventory, payments and other information relating to the business activities of Seaside Pharmaceuticals, and the distribution of pseudoephedrine.

A common sense reading of the affidavits in support of the search warrants shows that there was probable cause to search the residence, the computer and the BOSS organizer.

WHEREFORE, the United States respectfully requests that this Court deny Defendant, THOMAS NAROG's Motion to Quash Search Warrants and Suppress Evidence.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
LAURENCE M. BARDFELD
Assistant U.S. Attorney
500 East Froward Blvd., #700
Ft. Lauderdale, Florida  33394
(954) 356-7255, Fax: 356-7228
Fla. Bar No. 712450

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand-delivered this _____ day of March, 2001, to: Fred Haddad, One Financial Plaza, Suite 2614, Fort Lauderdale, FL 33394.

LAURENCE M. BARDFELD
ASSISTANT U.S. ATTORNEY