UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 00-6211-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

AHMAD ALMASRI AND
NADIA ALMASRI

    Defendant.

_____/



### NOTICE OF APPEARANCE BY WILLIAM D. MATTHEWMAN , ESQ. ON BEHALF OF ATTORNEY MARK E. NEJAME AND SUPPLEMENTAL RESPONSE ON BEHALF OF ATTORNEY MARK E. NEJAME

Counsel William D. Matthewman, Esq., hereby files his Notice of Appearance on Behalf of Attorney Mark E. Nejame, and this Supplemental Response on Behalf of Attorney Mark E. Nejame, and would show as follows:

1. Undersigned counsel, William D. Matthewman, Esq., has reviewed the "Response to Order of April 5, 2001" filed by Mark E. Nejame, Esq., which is being filed simultaneously with this pleading, and has discussed this matter with Mr. Nejame. It is respectfully submitted that Mr. Nejame is not in any way attempting to circumvent or disregard the Honorable Magistrate's ruling, but rather, is attempting to comply and cooperate in a professional and responsible manner in this most difficult situation.

2. To this end, Mr. Nejame initially refunded $5,000.00 to the Almasris and has recently refunded an additional $8,705.77 to the Almasris. This amount was arrived at because Mr. Nejame estimates that his firm expended approximately 93 hours of work in

this case at an hourly rate of $300.00 per hour, for a total quantum merurit fee of $27,900.00.[1] In addition to the $27,900.00 in estimated hourly fees, he forwarded $3,500.00 to Richard Docobo, Esq., and $3,500.00 to F. Wesley Blankner, Esq., the clients' new counsel of choice, and expended $1,394.23 in costs. Those amounts total $36,294.23. When the prior $5,000.00 payment to the Almasris and the current $8,705.77 payment to the Almasris is added in, the total comes to the $50,000.00 fee which Mr. Nejame received in this case.

3. Mr. Nejame is not attempting to direct or control the defense of the Almasris as alluded to on page 2 of the Magistrate's April 5, 2001 Order. In fact, quite the opposite is true. He has attempted to assist the Almasris in obtaining new counsel of choice, and he paid from his own pocket to new counsel Docobo and Blankner monies already earned and spent to insure that his former clients had uninterrupted legal representation. Further, the clients are in agreement with this procedure.

4. Undersigned counsel has personally spoken to Mr. Docobo and to Mr. Blankner, both of whom have assured undersigned counsel that they are not being directed or controlled by Mr. Nejame. Mr. Docobo and Mr. Blankner advised that they would not accept representation in this case if they were being directed and controlled by Mr. Nejame, and that Mr. Nejame has acted ethically in his dealings with them in this case.

5. Mr. Nejame is an experienced, ethical criminal defense attorney. He is AV rated in Martindale Hubbell and is well respected as a criminal defense attorney. He has been forced out of this case against his will and against the will of his former clients. Rather than

---

[1]. It should be noted that in conversations with Mr. Nejame, he has advised that he believes these hours are on the low side, but that he has attempted to be as conservative as possible when estimating his hours in this case to avoid any appearance of impropriety. As Mr. Nejame's representation was provided on a "flat fee" basis, his $50,000.00 fee was earned in full and his money was spent at the time he undertook representation in this case.

2

challenge the Magistrate's Order on disqualification, however, he has done everything he can to comply with the Honorable Magistrate's Order so that he can avoid any delay and inconvenience to his former clients. Mr. Nejame stands ready to assist this Court in any further way possible to insure that the Almasris have proper and adequate legal representation.

WHEREFORE, It is respectfully requested that this Honorable Court approve Mr. Nejame's accounting in this case, find that the prior Court orders have been complied with by Mr. Nejame, and further determine that this matter has been resolved.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and by U. S. Mail this ___ of April, 2001, to Assistant United States Attorney Laurence Bardfeld, Esq., 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, Fla., 33394.

William D. Matthewman, Esq., of
SEIDEN, ALDER, ROTHMAN, PETOSA &
MATTHEWMAN, P.A.
Attorney for Mr. Nejame
Glades Twin Plaza - West Tower
2300 Glades Road, Suite 340
Boca Raton, FL 33431
PH:   (561) 416-0170
FAX:  (561) 416-0171

And

Courthouse Tower, Suite 1100
44 West Flagler Street
Miami, Fla. 33130
Phone: 305-577-3707

By: _____
William D. Matthewman
Florida Bar No. 372757

3

W:\Matthewman\Nejame.NoticeResponse.wpd

4