AO 187 (Rev. 7/87) Exhibit and Witness List

# United States District Court

_Southern_ _____ DISTRICT OF ____ _Florida_

_LISA_ v. _Thomas L. Narog_

**EXHIBIT AND WITNESS LIST**

CASE NUMBER: _00-6211-CR-DTKH/AEN_ (S)

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| _Ann E. Vitunac_ | _Laurence Bardfeld_ | _Fred Haddad_ |

| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| | _Pauline Haferling_ | _Sandra Hertzberg_ |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | 4-3-01 | ✓ | ✓ | Composite Exhibit (Warrants( 00-4729-BSS |
| | | | | | 00-4730-BSS, 00-4731-BSS & 00-4732-BSS ) |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

AO 93 (Rev. 5/85) Search Warrant

# United States District Court

SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

In the Matter of the Search of
(Name, address or brief description of property or premises to be searched)

## SEARCH WARRANT
CASE NUMBER: 00 - 4729-BSS

Storage Units 1352, 206, and 207 in the
Shurgard Storage Facility,
1650 West Oakland Park Boulevard,
Fort Lauderdale, Florida

TO: Special Agent Joseph Collins _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by S/A Joseph Collins _____ who has reason to
_____ Affiant

believe that [ ] on the person of or [X] on the premises known as (name, description and/or location)

storage units 1352, 206, and 207, in the Shurgard Storage Facility, located at 1650 West Oakland Park Boulevard,
Fort Lauderdale, Florida

in the _____ SOUTHERN _____ District of _____ FLORIDA _____ there is now concealed a certain
person or property, namely (describe the person or property)

pseudoephedrine, and other precursor chemicals used in the manufacture and distribution of methamphetamine, including
bottles, boxes, baggies, tape, cutting agents, firearms, and proceeds from drug trafficking activities including United States
currency,

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property
so described is now concealed on the person or premises above-described and establish grounds for the issuance of this
warrant.

YOU ARE HEREBY COMMANDED to search on or before AUGUST 8, 2000

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search (in the daytime - 6:00 A.M. to 10:00 P.M.)(at any time in the day or night us I find reasonable cause has
been established)) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for
the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant
to _any authorized United States Magistrate Judge _____
as required by law. U.S. Judge or Magistrate Judge

July 29, 2000 — 4:46 p.m. at Fort Lauderdale, Florida
Date and Time Issued City and State

BARRY S. SELTZER
United States Magistrate Judge
Name and Title of Judicial Officer Signature of Judicial Officer

AO 106 (Rev. 5/85) Affidavit for Search Warrant

# United States District Court

## SOUTHERN _____ DISTRICT OF _____ FLORIDA

**In the Matter of the Search of**
(Name, address or brief description of person or property to be searched)

Storage Units 1352, 206, and 207 in the
Shurgard Storage Facility,
1650 West Oakland Park Boulevard
Fort Lauderdale, Florida

## APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

**CASE NUMBER:** 00 - 4729 - BSS

I ___ Jon Collins _____ being duly sworn depose and say:

I am a(n) **Special Agent with the Drug Enforcement Administration** _____ and have reason to believe
**Official Title**

that [ ] on the person of or [X] on the premises known as (name, description and/or location)

storage units 1352, 206, and 207, in the Shurgard Storage Facility, located at 1650 West Oakland Park Boulevard,
Fort Lauderdale, Florida

in the _____ SOUTHERN _____ District of _____ FLORIDA _____
there is now concealed a certain person or property, namely (describe the person or property)

pseudoephedrine, and other precursor chemicals used in the manufacture and distribution of methamphetamine, including bottles,
boxes, baggies, tape cutting agents, firearms, and proceeds from drug trafficking activities including United States currency,

**which is** (give alleged grounds for search and seizure under Rule 41(b) of the Federal Rules of Criminal Procedure)

1) property that constitutes evidence of the commission of a criminal offense, or 2) contraband, the fruits of crime, or things otherwise
criminally possessed, or property designed or intended for use or which is or has been used as the means of committing a criminal
offense,

in violation of Title __ 21 __ United States Code, Section(s) _841(d)(2) and 846_

The facts to support the issuance of a Search Warrant are as follows:

### SEE ATTACHED AFFIDAVIT

Continued on the attached and made a part hereof. [X] Yes [ ] No

_____
Signature of Affiant
Joseph Collins
Special Agent, DEA

Sworn to before me, and subscribed in my presence

**July 29, 2000** _____
Date

at **Fort Lauderdale, Florida**
City and State

**BARRY S. SELTZER**
**UNITED STATES MAGISTRATE JUDGE**
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT

I, Joseph Collins, being duly sworn, depose and state as follows:

    1.    I am a Special Agent with the Drug Enforcement Administration assigned to the Fort

Lauderdale District Office, Miami, Florida Field Division. As such, I am an investigative or law

enforcement officer of the United States within the meaning of Title 18, United States Code,

Section 2510(7), that is, an officer of the United States who is empowered by law to conduct

investigations of and to make arrests for offenses enumerated in Title 18, United States Code,

Section 2516(1). I have been a Special Agent with DEA since September of 1998. I have

completed the Drug Enforcement Administration's Agent Training Academy in Quantico,

Virginia. During this academy, I received extensive training in the enforcement of narcotics

violations, undercover investigations and identification of narcotics. As a Special Agent, I have

participated in various narcotic investigations in South Florida involving individuals and

organizations suspected of and/or charged with narcotic related offenses.

    2. Your affiant knows from his training, experience and expertise that individuals

involved in the diversion and distribution of listed chemicals used to manufacture controlled

substances often keep ledger books, receipts, bills of lading, bank records, address books,

telephone books, computers, computer discs, receipts, airline tickets, drug customer lists,

photographs, safes/vaults, safe deposit box keys, firearms, devices utilized to facilitate

communications and U.S. currency which represents the proceeds derived from the sales of such

1

substances. The seizure of these items can result in evidence that can help trace the activities, membership and location of additional individuals involved in the diversion and distribution of listed chemicals used to manufacture controlled substances.

3. For the reasons set forth in this affidavit, there is probable cause to believe that this location contains evidence of the commission of the following crimes: possession and distribution a listed chemical, having probable cause to believe, that the listed chemical will be used to manufacture a controlled substance and conspiracy to commit these offenses, in violation of Title 21 United States Code, Sections 841 (d)(2), 843 (a)(7), 843 (a)(9) and 846. I have personally participated in the investigation of the above offenses, and as a result of this personal participation as well as case information provided by DEA, local police officers in Florida and through my own investigation, I am familiar with the information submitted in this affidavit. The information contained in this affidavit is submitted for the sole purpose of supplying probable cause to support a search and inspection warrant for the location identified below. As a result, it does not contain all the information known regarding this investigation.

## II. LOCATION OF SEARCH WARRANT

4. The location for this search warrant is the Shurgard Storage Facility located at 1650 West Oakland Park Blvd., Fort Lauderdale, Florida. The target of this search warrant is more particularly described as the individual storage units marked as numbers 1352, 206 and 207. Unit 1352 is an 11' x 23' concrete walled storage unit secured with a large garage door. Units 206 and 207 do not have a wall separating them and measure 22' x 23' with two large garage

2

doors, one-marked 206 and the other 207.  An interview with the leasing office has revealed that

units number 206 and 207 are one large unit, both leased to SEASIDE FINANCIAL.  Access to

these two units can also be gained from the rear of the units through standard steel entry doors,

one assigned to each unit.  The search will include all compartments within floors, walls, ceilings

and any other areas within the location.  Through observations and documentation obtained

during this investigation, it has been determined that the lessee of these storage units, Thomas

NAROG, owner of SEASIDE PHARMACEUTICAL is responsible for the diversion of a listed

chemical knowing, or having reasonable cause to believe, that the listed chemical will be used to

manufacture a controlled substance.  This listed chemical is pharmaceutical grade

pseudoephedrine  Pseudoephedrine is the primary chemical needed to produce

methamphetamine, a schedule II controlled substance.

### III.  INFORMATION RELATED TO THE ACTIVITIES OF THE LEASEE OF SHURGARD STORAGE CENTER UNITS NUMBER 1352, 206, AND 207 AT 1650 WEST OAKLAND PARK BLVD., FORT LAUDERDALE, FL.

5. On Wednesday, March 22, 2000 Tom NAROG/SEASIDE PHARMACEUTICALS

received one  (1) pallet containing 529 boxes of pseudoephedrine at Shurgard Storage Company,

1650 West Oakland Park Blvd. Unit 1352, Fort Lauderdale. The shipment weighed

approximately 700 gross pounds. Investigation has revealed that all of the pseudoephedrine

received by NAROG/SEASIDE PHARMACEUTICALS is packaged with a label that

particularly identifies the pseudoephedrine as "Tru-Choice Maximum" brand.  Also on this label

3

is the phrase "Distributed by: SEASIDE PHARMACEUTICALS, Ft. Lauderdale, FL 33377".

6. On March 27, 2000, the 700 pounds (529 boxes) of pseudoephedrine delivered to

SEASIDE PHARMACEUTICALS, 1650 W. Oakland Park Blvd, Unit 1352. Oakland Park,

Florida on March 22, 2000 was transported to a storage facility in Delray Beach, Florida.

On March 28, 2000, the 700 pounds (529 boxes) of pseudoephedrine was picked up at the

storage facility, transported to Orlando, Florida in a rented U-Haul truck, then shipped to the Los

Angeles, California area. Between April 3 and April 6, 2000, based on the information provided

by the Ft. Lauderdale D.O., members of the Los Angeles Field Division conducted a

surveillance and investigation of the recipients of the 700 pounds of pseudoephedrine. This

investigation led to the arrests of eight (8) individuals, the seizure of approximately 779,100

dosage units of pseudoephedrine tablets, 42.5 pounds of methamphetamine, and $92,000.00 U.S.

currency.

7. On Tuesday, March 28, 2000 Tom NAROG/SEASIDE PHARMACEUTICALS received

(3) pallets containing 1,670 gross pounds (480 boxes) of pseudoephedrine at the Shurgard

Storage Company, 1650 West Oakland Park Blvd. Unit 1352, Fort Lauderdale. On Tuesday,

April 4, 2000, the 1,670 pounds of pseudoephedrine was transported in a rented U-Haul truck to

a storage facility in Delray Beach, Florida.

8. On Wednesday, April 5, 2000 the 1,670 pounds of pseudoephedrine was removed from

the Delray Beach storage facility and loaded into the back of a rented U-Haul van. Agents then

4

followed the van to Orlando where the 1,670 pounds of pseudoephedrine was shipped to the Los

Angeles, California area. Based on information provided by DEA Fort Lauderdale, DEA Los

Angeles Field Division conducted a surveillance and investigation of the individuals that

received the 1,670 pounds of pseudoephedrine. As a result of their investigation seven (7)

suspects were arrested, 2200 pounds (gross) of pseudoephedrine was seized along with, four (4)

gallons of pseudoephedrine in solution and $25, 000.00 in U.S. currency.

9.   On Tuesday, April 25, 2000  NAROG/SEASIDE PHARMACEUTICALS received (4)

pallets consisting of approximately 2,300 gross pounds (678 boxes) of pseudoephedrine at the

Shurgard Storage Company, 1650 West Oakland Park Blvd. Unit 1352, Fort Lauderdale.

On Thursday, April 27, 2000 two pallets of pseudoephedrine was removed from unit 1352 and

loaded into a white 2000 Ford cargo van. The two pallets contained approximately 950 pounds

of  pseudoephedrine. Agents followed the van containing the pseudoephedrine to the

Lakeland and Tampa, Florida area.  Approximately 420 pounds of the pseudoephedrine was

sent from Tampa, Florida  to the Los Angeles, California area.  The remaining approximately

530 pounds of pseudoephedrine seized by DEA Fort Lauderdale and the Polk County

Sheriffs Office.  Based on information provided by DEA Fort Lauderdale, the DEA Los

Angeles Field Division conducted a surveillance and investigation of the individuals that

received the 420 pounds of  pseudoephedrine.  As a result of their investigation a state search

warrant was served on a residence and a fully functional clandestine methamphetamine

laboratory was located.  Three individuals were  arrested, 345,600 dosage units of Tru-Choice"

pseudoephedrine was seized along with 35 pounds of extracted ephedrine, and thousands of

empty pseudoephedrine bottles.

10. On Tuesday, May 23, 2000 Thomas NAROG/SEASIDE PHARMACEUTICALS

received approximately 7,000 gross pounds (667 boxes) of pseudoephedrine. Agents observed

this 7,000 pound shipment of pseudophedrine as it was placed inside units 206 and 207.

11. On Thursday, June 1, 2000 agents observed approximately 200 boxes of pseudoephedrine

removed from unit 1352 and loaded into a U-Haul truck. Agents followed the U-Haul truck to a

privately owned postal mailing facility in Kendall, Florida where the pseudoephedrine was

repackaged into larger boxes. On Friday, June 2, 2000 , 22 large boxes of pseudoephedrine were

removed from the mailing facility in Kendall and transported in a U-Haul truck to a commercial

transportation company in Miami, Florida.  Agents discovered that the 22 boxes, consisting of

approximately 900 pounds, were being shipped to the San Jose, California area. Based on

information provided by DEA Fort Lauderdale, DEA San Jose conducted a surveillance and

investigation of the individuals that received the 22 boxes of pseudoephedrine.  As a result of

their investigation a state search warrant was served on a residence resulting in the seizure of the

900 pounds of pseudoephedrine, the arrest of five (5) individuals, and the seizure of $25,000.00.

Also on June 1, 2000, agents observed two individuals unlock storage unit number 206 on two

separate occasions.  On both occasions, the two individuals backed a U-Haul truck completely

into Unit 206 and closed the overhead garage door. Agents followed the U-Haul when it

departed on both occasions to a rented apartment in Boynton Beach, Florida

12.   On Monday, June 5, 2000 a search warrant on this residence was issued by United

States Magistrate Judge Linnea Johnson. On June 5, 2000 agents served the warrant. During the

search of the apartment agents located and seized 118 sealed boxes of pseudoephedrine HCL that

had not been opened. These boxes were labeled with the SEASIDE PHARMACEUTICAL

name. Agents also seized 31 boxes that contained only pseudoephedrine tablets. The occupants

of the residence had separated the tablets from the original pill bottles and repackaged the pills in

clear zip lock bags. This is consistant with the common practice of large scale methamphetamine

manufacturing organizations. This is done to hamper Law Enforcement agents from identifying

the source of the pseudoephedrine and to minimize bulk shipping problems.

13. On Wednesday, June 14, 2000, agents of the Ft. Lauderdale D.O. observed

NAROG/SEASIDE PHARMACEUTICALS receive four (17) pallets consisting of

approximately 9,300 pounds of pseudoephedrine (679 boxes) at the Shurgard Storage

Company 1650 West Oakland Park Blvd. Units 206 and 207, Fort Lauderdale.

On June 15, approximately 2,300 pounds of pseudoephedrine was removed from unit 206 and

transported to a privately owned postal mailing facility in Kendall, Florida where the

pseudoephedrine was repackaged into twenty-seven (27) larger boxes.

On June 19, 2000 the twenty-seven (27) boxes were removed from the Kendall mailing facility

and transported to a commercial transportation company in Miami, Florida. Agents discovered

the twenty-seven packages were being shipped to the Salem, Oregon area and were being

labeled as "shoes" by the sender. Based on information provided by DEA Fort Lauderdale, DEA

Portland, Oregon established surveillance on the recipients of the twenty-seven (27) boxes. The twenty-seven boxes were initially placed into a storage facility. After a week long surveillance, the pseudoephedrine was seized by DEA Portland as it was being transported to California in a truck. The seizure consisted of twenty-seven boxes consisting of approximately 2,300 pounds of Tru-Choice Maximum pseudoephedrine. The individual in possession of the pseudoephedrine informed agents the contents of the boxes consisted of "cosmetics".

14. On Wednesday, June 20, 2000, agents of the Ft. Lauderdale D.O. observed (2) pallets of pseudoephedrine (291 boxes) removed from unit 206 and transported to a storage facility in Orlando, Florida. These pallets were secured with black shrink wrap.

On June 21, 2000 the DEA, Orlando D.O. seized the 291 boxes of Tru- Choice Maximum pseudoephedrine while they were being transported through central Florida

15. On July 29, 2000, after Narog was read his rights, he indicated that there were 5 ½ to 6 pallets of pseudoephedrine in units 206 and 207of the Shurgard Storage warehouse.

## IV. SEARCH OF THE SHURGARD PUBLIC STORAGE FACILITY, UNITS 1352, 206 AND 207, FORT LAUDERDALE, FLORIDA

16. The information set forth in this affidavit details how the lessee of the Shurgard Public Storage Facility, Units 1352, 206 and 207, Thomas NAROG, is involved in diverting, transporting and distributing a listed chemical, having probable cause to believe, that the listed chemical will be used to manufacture a controlled substance, methamphetamine.

8

Based on all the facts and information provided herein, your affiant has shown that probable

cause exists to believe the evidence of a crime, in the form of records, documents, papers, etc.

that are kept by drug traffickers and are being kept at the location described and that probable

cause exists to search and inspect the location for said instrumentality's of the listed crimes.


FURTHER AFFIANT SAYETH NAUGHT

Joseph Collins, Special Agent
Drug Enforcement Administration



Sworn and subscribed to before me
this ___ day of July, 2000

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

9

AO 93 (Rev. 5/85) Search Warrant

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

In the Matter of the Search of
(Name, address or brief description of property or premises to be searched)

## SEARCH WARRANT

A Single Family Residence
located at 8 Castle Harbor Isle
Fort Lauderdale, Florida

CASE NUMBER: 00-4730-BSS

TO: _____ Special Agent Joseph Collins _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by _____ S/A Joseph Collins _____ who has reason to
                                                              Affiant

believe that [ ] on the person of or [X] on the premises known as (name, description and/or location)

a single family residence located at 8 Castle Harbor Isle, Fort Lauderdale

in the _____ SOUTHERN _____ District of _____ FLORIDA _____ there is now concealed a certain
person or property, namely (describe the person or property)

pseudoephedrine, and other precursor chemicals used in the manufacture and distribution of methamphetamine, including
bottles, boxes, baggies, tape, cutting agents, firearms, and proceeds from drug trafficking activities including United States
currency, and records, books, logs, reports, bills of lading, bank statements, papers, and other documents relating to the
distribution of listed chemicals

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property
so described is now concealed on the person or premises above-described and establish grounds for the issuance of this
warrant.

YOU ARE HEREBY COMMANDED to search on or before  AUGUST 8, 2000

(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and
making the search ( n the daytime - 6:00 A.M. to 10:00 P.M.)(at any time in the day or night as I find reasonable cause has
been established) and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for
the person or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant
to  any authorized United States Magistrate Judge
as required by law.                                                          U.S. Judge or Magistrate Judge

July 29, 2000  —  5:05 p.m.                          at Fort Lauderdale, Florida
Date and Time issued                                        City and State

BARRY S. SELTZER
United States Magistrate Judge
Name and Title of Judicial Officer                         Signature of Judicial Officer

AO 93 (Rev. 5/85) Search Warrant

| **RETURN** | | |
|---|---|---|
| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
| 07/29/2000 | 07/29/2000<br>Approximately 5:00 PM | Residence |

INVENTORY MADE IN THE PRESENCE OF

   S/A Jim Mokwa - DEA

INVENTORY OF PROPERTY SEIZED PURSUANT TO THE WARRANT

    Eleven (11) evidence boxes of miscellaneous documents/files

    checkbooks

   Three (3) briefcases

   One (1) Compaq Laptop Computer - Presario Model

   Computer diskettes

   One (1) BOSS handheld organizer

   Two (2) cellular telephones

   Miscellaneous jewelry and coins

   $7,125.00 US Currency

**CERTIFICATION**

I swear that this inventory is a true and detailed account of the property seized by me on the warrant.

*Joseph Collins, S/A*

Subscribed, sworn to, and returned before me this date.

*Lurana S. Snow*                    8/17/00

U.S. Judge or Magistrate              Date

1AO 106 (Rev. 5/85) Affidavit for Search Warrant

# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

### In the Matter of the Search of
(Name, address or brief description of person or property to be searched)

A Single Family Residence
located at 8 Castle Harbor Isle
Fort Lauderdale, FL

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

### CASE NUMBER: OO - 4730 -BSS

I ____Joseph Collins____ being duly sworn depose and say:

I am a(n) __Special Agent with the Drug Enforcement Administration__ and have reason to believe
_Official Title_

that [ ] on the person of or [X] on the premises known as (name, description and/or location)

~~an apartment located in the Savannah Lakes Apartment Complex, located at 704 North Broughton Circle, Boynton Beach, Florida~~
a single family residence located at 8 Castle Harbor Isle, Fort Lauderdale

in the __SOUTHERN__ District of __FLORIDA__
there is now concealed a certain person or property, namely (describe the person or property)

pseudoephedrine, and other precursor chemicals used in the manufacture and distribution of methamphetamine, including bottles,
boxes, baggies, tape, cutting agents, firearms, and proceeds from drug trafficking activities including United States currency,
records, books, logs, reports, bills of lading, bank statements, papers, and other documents

which is (give alleged grounds for search and seizure under Rule 41(b) of the Federal Rules of Criminal Procedure)

1) property that constitutes evidence of the commission of a criminal offense, or 2) contraband, the fruits of crime, or things otherwise
criminally possessed, or property designed or intended for use or which is or has been used as the means of committing a criminal
offense,

in violation of Title __21__ United States Code, Section(s) __841(d)(2) and 846__

The facts to support the issuance of a Search Warrant are as follows:

### SEE ATTACHED AFFIDAVIT

Continued on the attached and made a part hereof.    [X] Yes    [ ] No

Signature of Affiant
JOSEPH COLLINS
SPECIAL AGENT, DEA

Sworn to before me, and subscribed in my presence

__July 29, 2000__                    at __Fort Lauderdale, Florida__
Date                                 City and State

__BARRY S. SELTZER__
__UNITED STATES MAGISTRATE JUDGE__
Name and Title of Judicial Officer          Signature of Judicial Officer

AFFIDAVIT

I, Joseph Collins, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Drug Enforcement Administration assigned to the Fort Lauderdale District Office, Miami, Florida Field Division. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with DEA since September of 1998. I have completed the Drug Enforcement Administration's Agent Training Academy in Quantico, Virginia. During this academy, I received extensive training in the enforcement of narcotics violations, undercover investigations and identification of narcotics. As a Special Agent, I have participated in various narcotic investigations in South Florida involving individuals and organizations suspected of and/or charged with narcotic related offenses.

2. Your affiant knows from his training, experience and expertise that individuals involved in the diversion and distribution of listed chemicals used to manufacture controlled substances often keep ledger books, receipts, bill's of lading, bank records, address books, telephone books, computers, computer discs, receipts, airline tickets, drug customer lists, photographs, safes/vaults, safe deposit box keys, firearms, devices utilized to facilitate communications and U.S. currency which represents the proceeds derived from the sales of such substances. The seizure of these items can result in evidence that can help trace the activities, membership and location of additional individuals involved in the diversion and distribution of

1

listed chemicals used to manufacture controlled substances.

3. For the reasons set forth in this affidavit, there is probable cause to believe that this location contains evidence of the commission of the following crimes: possession and distribution a listed chemical, having probable cause to believe, that the listed chemical will be used to manufacture a controlled substance and conspiracy to commit these offenses, in violation of Title 21 United States Code, Sections 841 (d)(2), 843 (a)(7), 843 (a)(9) and 846. I have personally participated in the investigation of the above offenses, and as a result of this personal participation, as well as case information provided by DEA, local police officers in Florida and through my own investigation, I am familiar with the information submitted in this affidavit. The information contained in this affidavit is submitted for the sole purpose of supplying probable cause to support a search and inspection warrant for the location identified below. As a result, it does not contain all the information known regarding this investigation.

4. This application and affidavit is submitted in support of a search warrant on the residence described below. For the reasons set forth in this affidavit, there is probable cause to believe that this location contains evidence of the commission of the following crimes: possession and distribution a listed chemical, having probable cause to believe, that the listed chemical will be used to manufacture a controlled substance and conspiracy to commit these offenses, in violation of Title 21 United States Code, Sections 841 (d)(2) and 846. The violations also include money laundering and conspiracy to launder drug proceeds, in violation of Title 18 United States Code, Sections 1956 and 1957. I have personally participated in the investigation of the above offenses, and as a result of this personal participation, as well as case information provided by DEA, local police officers in Florida and through my own investigation,

2

I am familiar with the information submitted in this affidavit. The information contained in this affidavit is submitted for the sole purpose of supplying probable cause to support a search warrant for the location identified below. As a result, it does not contain all the information known regarding this investigation.

## LOCATION OF SEARCH WARRANT

5.    The single family residence, cartilage *Kcurtilage* and any unattached structures located at 8 Castle Harbor Isle, Fort Lauderdale, Florida to include: (a) all compartments within floors, walls, ceilings and any other areas within any structures on the location and (b) any vaults, compartments, or any other storage areas beneath the ground area outside any structures. 8 Castle Harbor Isle, Fort Lauderdale, Florida is more particularly described as a grey stone and white brick faced structure with a white concrete tile roof. This residence has a circular concrete driveway that leads to a double car garage. The written number "eight" is mounted in black letters on the wall next to the garage. This house is situated on the south side of Castle Harbor Isle, facing north. Through observations and documentation obtained during this investigation, it has been determined that Thomas NAROG is responsible for the exportation, diversion and distribution of a listed chemical knowing, or having reasonable cause to believe, that the listed chemical will be used to manufacture a controlled substance. This listed chemical is pharmaceutical grade pseudoephedrine. Pseudoephedrine is the primary chemical needed to produce methamphetamine, a schedule II, controlled substance. NAROG is also responsible for the collection and distribution of the proceeds from the sale, exportation, diversion and distribution of a listed chemical needed to produce a controlled substance. This investigation has revealed numerous payments to various individuals and businesses associated with this

3

organization.  A review of public real estate records has revealed that Thomas NAROG is the

current owner of the residence located at 8 Castle Harbor Isle, Fort Lauderdale, Florida.

Through the course of this investigation agents have conducted numerous

surveillances of this residence.  Agents believe that this is NAROG'S primary residence.

A check of Bell South telephone records revealed that the telephone service for this residence is

in the name "SEASIDE FINANCIAL Tom NAROG".

### INFORMATION RELATED TO THE HISTORICAL ACTIVITIES OF THE THOMAS NAROG ORGANIZATION

6.  Since at least March 22, 2000 Thomas NAROG, Ghandi JABER and others have been

involved in the sale, exportation, diversion and distribution of a listed chemical knowing, or

having reasonable cause to believe, that the listed chemical will be used to manufacture a con-

trolled substance.  Agents began investigation of the NAROG organization in March of 2000,

and continuing through the present.

7. In July 1999, Thomas NAROG, owner of SEASIDE PHARMACEUTICALS, registered

with DEA as a List I Chemical Distributor for Phenylpropanolamine, Pseudoephedrine, and

Ephedrine. This registration permits NAROG/SEASIDE PHARMACEUTICALS to engage in

business transactions involving List I Chemicals only with other DEA registered companies or

corporations.  In addition, a DEA registrant must abide by federal record keeping requirements

relating to List I Chemical Distributors.  NAROG has provided DEA in writing and during

interviews that SEASIDE PHARMACEUTICALS maintains its office and business records out

of his home located at 8 Castle Harbor Isle, Fort Lauderdale, Florida 33308.

8.  Between September 1999 and July 2000, Thomas NAROG, owner of SEASIDE

PHARMACEUTICALS, has purchased approximately eighteen (18) gross tons of

4

pseudoephedrine from various pseudoephedrine manufacturers throughout the United States.
During March 2000, the DEA Fort Lauderdale began investigating the pseudoephedrine
distribution activities of SEASIDE PHARMACEUTICALS based on information provided by
DEA California. Intelligence from DEA California revealed that numerous methamphetamine
investigations in California resulted in the recovery of thousands of bottles of "Tru-Choice
Maximum" brand pseudoephedrine at various clandestine chemical dumpsites. These bottles
were also labeled "Distributed by: SEASIDE PHARMACEUTICALS, Fort Lauderdale, FL
33311.

9.    Since the initiation of this investigation in March 2000, intelligence has revealed that
SEASIDE PHARMACEUTICALS has diverted in excess of approximately five (5) tons of
pseudoephedrine destined for methamphetamine organizations throughout the continental United
States.

10.  Beginning March 20, 2000, DEA Fort Lauderdale, in conjunction with other DEA offices
throughout the United States, initiated four successful controlled deliveries of pseudoephedrine
from NAROG to the methamphetamine manufacturers in California. The four controlled
deliveries resulted in the arrests of 24 individuals, and the seizure of approximately 142,000.00
dollars US currency, approximately 42 pounds of methamphetamine, a clandestine ephedrine
extraction laboratory, and over three million pseudoephedrine dosage units. DEA Fort
Lauderdale has also initiated two additional controlled deliveries between NAROG and various
middle eastern traffickers in central Florida and Oregon resulting in the seizure of approximately
two and a half million dosage units of pseudoephedrine.

5

## IV.  SUMMARY OF INFORMATION RELATED TO PROBABLE CAUSE FOR THE SEARCH OF NAROG'S RESIDENCE

11.  The information set forth in this affidavit details how the NAROG-JABER organization has been involved in organized narcotics and money laundering related criminal activity.  This information further demonstrates that this criminal activity remains ongoing.  Based on my training, experience, and discussions with other law enforcement agents, and my participation in other investigations involving large amounts of Controlled Dangerous Substances (CDS), I know:

That large-scale narcotic traffickers must maintain on hand, large amounts of U.S. Currency in order to maintain and finance their on-going narcotic business;

That CDS traffickers often maintain books, bank records, receipts, notes, address books, ledgers, bill's of lading, computers, computer software, airline tickets. drug customer lists, photographs, safes/vaults, safe deposit box keys, firearms, money orders, devices utilized to facilitate communications, U.S. currency which represents the proceeds derived from the sales of such substances and other papers relating to the transportation, ordering, sale and distribution of controlled substances.  That CDS traffickers commonly "front" (provide CDS on consignment) to their clients.  That the aforementioned books, records, receipts, notes, ledgers, etc., are maintained where the CDS traffickers have ready access to them.

That it is common for large-scale drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences, their business, and/or other locations, such as storage bins, which they feel to be secure, for ready access and to conceal these items from law enforcement authorities;

6

That persons involved in large-scale drug trafficking conceal in their residences and businesses, evidence of financial transactions relating to obtaining, transferring, secreting, or spending of large sums of money made from engaging in narcotics trafficking activities;

That where drug traffickers amass large proceeds from the sale of drugs, that the drug traffickers attempt to legitimatize these profits. That to accomplish these goals, drug traffickers utilize, including but not limited to, domestic banks and their attendant services, securities, cashier's checks, money drafts, letters of credits, brokerage house, real estate, shell corporations, and business fronts;

That drug traffickers very often place assets in names other then their own to avoid detection of these assets by law enforcement agencies;

That drug traffickers very often place assets in corporate entities in order to avoid detection of these assets by law enforcement agencies;

That even though these assets are in other persons' names, the drug traffickers continue to use these assets and exercise dominion and control over them;

That cocaine and/or other CDS traffickers commonly maintain addressees or telephone numbers in books or papers which reflect names, addresses and/or telephone numbers of their associates in the trafficking organization;

That based upon my training and experience, I know that drug traffickers commonly have in their possession, that is, on their person, at their residences, and/or their business; firearms, including but not limited to, handguns, pistols, revolvers, rifles, shotguns, sawed-off shotguns, machine guns and other automatic and/or semi-

7

automatic firearms. Said firearms are used to protect and secure a drug trafficker's property.

12. Your affiant submits that probable cause exists to believe that Thomas NAROG is involved in the diversion and distribution of pseudoephedrine for the purpose of conversion into methamphetamine. Based on all the facts and information provided herein, your affiant has shown that probable cause exists to believe the evidence of a crime, in the form of records, documents, papers, etc. that are kept by drug traffickers and are being kept at the location described and that probable cause exists to search for said instrumentality's of the aforementioned crimes.

FURTHER AFFIANT SAYETH NAUGHT


Joseph Collins, Special Agent
Drug Enforcement Administration


Sworn and subscribed to before me
this ___ day of July, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

8

AO 93 (Rev. 5/85) Search Warrant     AUSA Bardfeld/S/A Collins (DEA)

# United States District Court

_____ **SOUTHERN** _____      **DISTRICT OF** _____ **FLORIDA** _____

### In the Matter of the Search of

(Name, address or brief description of property or premises to be searched)

## SEARCH WARRANT

One Compaq Laptop Computer,
Presario Model, and
identified by Bar Code Number V822BY53J226
Currently located at DEA, 1475 West Cypress
Creek Road, Suite 301, Fort Lauderdale, Florida

**CASE NUMBER:** 00 - 4731-BSS

TO: Special Agent Joseph Collins, DEA _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent Joseph Collins _____ who has reason to
                                            Affiant

believe that [ ] on the person of or  [X] on the premises known as (name, description and/or location)

One Compaq Laptop Computer, Presario Model, and identified by Bar Code Number V822BY53J226, plus computer disks
Currently located at DEA (1475 West Cypress Creek Road), Fort Lauderdale, Florida, Suite 301

in the _____ **SOUTHERN** _____ District of _____ **FLORIDA** _____ there is now concealed a certain
person or property, namely (describe the person or property)

computer files, computer logs, computer disks, computer code, billing records, e-mail, and other computerized data.

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so
described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before AUG. 14, 2000 _____
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making
the search (in the daytime - 6:00 A.M. to 10:00 P.M.) ~~(at any time in the day or night as I find reasonable cause has been
established))~~ and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person
or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to ANY
UNITED STATES MAGISTRATE JUDGE _____
as required by law.                                                U.S. Judge or Magistrate Judge

August 4, 2000 - 4:24 p.m.               at Ft. Lauderdale, Florida
Date and Time Issued                        City and State

BARRY S. SELTZER
United States Magistrate Judge
Name and Title of Judicial Officer          Signature of Judicial Officer

AO 93 (Rev. 5/85) Search Warrant

## RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| 08/04/2000 | 08/06/2000<br>Approximately 9:00 PM | Laptop Computer |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PROPERTY SEIZED PURSUANT TO THE WARRANT

    Copies were made of the Harddrive/files/disks
    All original information/files remain on the computer and disks.

## CERTIFICATION

I swear that this inventory is a true and detailed account of the property seized by me on the warrant.

_Joseph Cole, Esq_

Subscribed, sworn to, and returned before me this date.

_Lurana S. Snow_                    8/17/00
U.S. Judge or Magistrate            Date

AO 106 (Rev. 5/85) Affidavit for Search Warrant          AUSA BARDFELD/ S/A COLLINS (PBA)

# United States District Court

## SOUTHERN          DISTRICT OF          FLORIDA

**In the Matter of the Search of**
(Name, address or brief description of person or property to be searched)

One Compaq Laptop Computer,
Presario Model, and
identified by Bar Code Number V822BY53J226
Currently located at DEA, 1475 West Cypress
Creek Road, Suite 301, Fort lauderdale, Florida

## APPLICATION AND AFFIDAVIT
## FOR SEARCH WARRANT

CASE NUMBER: 00 - 4731-BSS

I Special Agent Joseph Collins _____ being duly sworn depose and say:

I am a(n) Special Agent, Drug Enforcement Administration _____ and have reason to believe
                                    Official Title

that [ ] on the person of or  [X] on the premises known as (name, description and/or location)

One Compaq Laptop Computer, Presario Model, and identified by Bar Code Number V822BY53J226, plus computer disks
Currently located at DEA, 1475 West Cypress Creek Road, Suite 301, Fort Lauderdale, Florida

in the          SOUTHERN          District of          FLORIDA
there is now concealed a certain person or property, namely (describe the person or property)

computer files, computer logs, computer disks, computer codes, billing records, e-mail, and other computerized data;

which is (give alleged grounds for search and seizure under Rule 41(b) of the Federal Rules of Criminal Procedure)

**evidence, and instrumentalities of crime,**

in violation of Title 21  United States Code, Section(s) 841(d)(2) and 846 _____.

The facts to support the issuance of a Search Warrant are as follows:

### See attached affidavit

continued on the attached and made a part hereof.     [X] Yes     [ ] No

Joseph Collins, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence

August 4, 2000 _____          at  Ft. Lauderdale, Florida
Date                                          City and State

BARRY S. SELTZER
United States Magistrate Judge
Name and Title of Judicial Officer                 Signature of Judicial Officer

AFFIDAVIT

Joseph Collins, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Drug Enforcement Administration assigned to the Fort

Lauderdale District Office, Miami, Florida Field Division. As such, I am an investigative or law

enforcement officer of the United States within the meaning of Title 18, United States Code,

Section 2510(7), that is, an officer of the United States who is empowered by law to conduct

investigations of and to make arrests for offenses enumerated in Title 18, United States Code,

Section 2516(1). I have been a Special Agent with DEA since September of 1998. I have

completed the Drug Enforcement Administration's Agent Training Academy in Quantico,

Virginia. During this academy, I received extensive training in the enforcement of narcotics

violations, undercover investigations and identification of narcotics. As a Special Agent, I have

participated in various narcotic investigations in South Florida involving individuals and

organizations suspected of and/or charged with narcotic related offenses.

2. Beginning in September of 1999, Thomas NAROG began receiving extraordinarily large

shipments of pseudoephedrine from drug manufacturers in New York. NAROG is the only

employee of Seaside Pharmaceutical, a newly formed pharmaceutical company in South Florida.

The company has no office and exists only in three separate storage units at the Shurgard

Storage Facility (a public storage facility, where anyone can rent a unit) on Oakland Park

Boulevard. Thomas NAROG became a DEA registrant, licensed to distribute drugs and

medication in 1998. Pseudoephedrine is an over the counter cold medicine that is not illegal to

possess or distribute. However, it is a precursor to methamphetamine, and is used to

manufacture methamphetamine usually in clandestine labs in the Western part of the country.

1

3. THOMAS NAROG, has been obtaining extremely large quantities of pseudoephedrine which is being processed and manufactured into methamphetamine. Law enforcement officials in South Florida received information from law enforcement officials in California that pseudoephedrine with the brand name "Tru-Choice Maximum" was showing up in their arrests of individuals involved in the manufacture and distribution of methamphetamine. "Tru-Choice Maximum" is the label under which Narog receives his pseudoephedrine. Pseudoephedrine is a precursor to methamphetamine and a necessary component in the manufacture of methamphetamine.

4. On or about April 24, 2000, the Drug Enforcement Administration received a letter from Narog's attorney, Richard Capalbo, who wrote that Narog maintained his office and business records out of his residence at 8 Castle Harbor Isle, Fort Lauderdale, Florida.

5. On or about August 1, 2000, a search warrant was executed on Narog's residence located at 8 Castle Harbor Isle, Fort Lauderdale, Florida. Inside the residence, agents discovered voluminous documentation relating to Narog's business - Seaside Pharmaceuticals. One of the bedrooms inside the residence was maintained as a business office. Inside that office was a computer, along with computer disks, and numerous computer generated documents relating to the business of Seaside Pharmaceuticals. That computer, along with the computer disks, was seized, and is currently located at DEA, 1475 West Cypress Creek Road, Suite 301, Fort Lauderdale, Florida.

2

6.  Based on your affiant's training and experience, there is probable cause to believe that the computer will contain files, reports, disks, and other material relating to the business of Seaside Pharmaceutical, including, but not limited to: orders taken, product shipments, inventory, payments and other information regarding the business activities of Seaside Pharmaceutical.

FURTHER YOUR AFFIANT SAYETH NAUGHT

JOSEPH COLLINS, Special Agent
Drug Enforcement Administration

Sworn and subscribed to before me
this ___ day of August, 2000

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

3

AO 93 (Rev. 5/85) Search Warrant    AUSA Bardfeld/S/A Collins (DEA)

# United States District Court

_____ SOUTHERN _____    DISTRICT OF _____ FLORIDA _____

### In the Matter of the Search of

(Name, address or brief description of property or premises to be searched)

# SEARCH WARRANT

One Casio BOSS (Business Organizer Scheduling System)
Serial Number SF5500B ,
Currently located at DEA, 1475 West Cypress
Creek Road, Fort Lauderdale, FL
Suite 301

CASE NUMBER: 00 - 4732 - BSS

TO: Special Agent Joseph Collins, DEA _____ and any Authorized Officer of the United States

Affidavit(s) having been made before me by Special Agent Joseph Collins _____ who has reason to
believe that [ ] on the person of or  [X] on the premises known as (name, description and/or location)

One Casio BOSS (Business Organizer Scheduling System), Serial Number SF5500B ,
currently located at DEA, 1475 West Cypress Creek Road, Suite 301,
Fort Lauderdale, FL

in the _____ SOUTHERN _____ District of _____ FLORIDA _____ there is now concealed a certain
person or property, namely (describe the person or property)

names, addresses, telephone numbers, appointments, calendars, schedules, notations, files, logs, and other stored data;

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that the person or property so
described is now concealed on the person or premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before AUG. 14, 2000 _____
(not to exceed 10 days) the person or place named above for the person or property specified, serving this warrant and making
the search (in the daytime - 6:00 A.M. to 10:00 P.M.) ~~(at any time in the day or night as I find reasonable cause has been
established)~~ and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person
or property taken, and prepare a written inventory of the person or property seized and promptly return this warrant to ANY
UNITED STATES MAGISTRATE JUDGE _____
as required by law.                                                    U.S. Judge or Magistrate Judge

August 4, 2000 — 4:45 p.m. _____    at Ft. Lauderdale, Florida
Date and Time Issued                        City and State

BARRY S. SELTZER
United States Magistrate Judge
Name and Title of Judicial Officer                    Signature of Judicial Officer

AO 93 (Rev. 5/85) Search Warrant

# RETURN

| DATE WARRANT RECEIVED | DATE AND TIME WARRANT EXECUTED | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH |
|---|---|---|
| 08/04/2000 | 08/06/2000 Approximately 9:00 PM | BOSS Organizer |

INVENTORY MADE IN THE PRESENCE OF

INVENTORY OF PROPERTY SEIZED PURSUANT TO THE WARRANT

Copies were made of the information stored in the BOSS organizer
(names, addresses, phone numbers, etc)

All original information remains on the BOSS organizer

## CERTIFICATION

I swear that this inventory is a true and detailed account of the property seized by me on the warrant.

_Joseph Cll_, SIA

Subscribed, sworn to, and returned before me this date.

_Lurana S. Snow_   8/17/00

U.S. Judge or Magistrate          Date

AO 106 (Rev. 5/85) Affidavit for Search Warrant          AUSA BARDFELD/ S/A COLLINS (DEA)

# United States District Court

**SOUTHERN** _____ **DISTRICT OF** _____ **FLORIDA** _____

| | |
|---|---|
| **In the Matter of the Search of** <br> (Name, address or brief description of person or property to be searched) | **APPLICATION AND AFFIDAVIT** <br> **FOR SEARCH WARRANT** |

One Casio BOSS (Business Organizer Scheduling System),
Serial Number SF5500B
Currently located at DEA, 1475 West Cypress
Creek Road, Suite 301, Fort Lauderdale, FLORIDA

**CASE NUMBER:** OO-4732-BSS

I, Special Agent Joseph Collins _____ being duly sworn depose and say:

I am a(n) Special Agent, Drug Enforcement Administration _____ and have reason to believe
                              **Official Title**

that [ ] on the person of or  [X] on the premises known as (name, description and/or location)

One Casio BOSS (Business Organizer Scheduling System), Serial Number SF5500B,
or CURRENTLY located at DEA, 1475 West Cypress Creek Road, Suite 301, Fort Lauderdale, FLORIDA

in the _____ **SOUTHERN** _____ District of _____ **FLORIDA** _____
there is now concealed a certain person or property, namely (describe the person or property)

names, addresses, telephone numbers, appointments, calendars, schedules, notations, files, logs, and other stored data;

which is (give alleged grounds for search and seizure under Rule 41(b) of the Federal Rules of Criminal Procedure)

evidence, and instrumentalities of crime,

in violation of Title 21 United States Code, Section(s) 841(d)(2) and 846 _____.

The facts to support the issuance of a Search Warrant are as follows:

**See attached affidavit,**

continued on the attached and made a part hereof.  [X] Yes     [ ] No

_Joseph Collins_
Joseph Collins, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence

August 4, 2000 _____              at   Ft. Lauderdale, Florida
Date                                                    City and State

BARRY S. SELTZER
United States Magistrate Judge _____      _Barry Seltzer_
Name and Title of Judicial Officer                  Signature of Judicial Officer

AFFIDAVIT

Joseph Collins, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Drug Enforcement Administration assigned to the Fort Lauderdale District Office, Miami, Florida Field Division. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with DEA since September of 1998. I have completed the Drug Enforcement Administration's Agent Training Academy in Quantico, Virginia. During this academy, I received extensive training in the enforcement of narcotics violations, undercover investigations and identification of narcotics. As a Special Agent, I have participated in various narcotic investigations in South Florida involving individuals and organizations suspected of and/or charged with narcotic related offenses.

2. Beginning in September of 1999, Thomas NAROG began receiving extraordinarily large shipments of pseudoephedrine from drug manufacturers in New York. NAROG is the only employee of Seaside Pharmaceutical, a newly formed pharmaceutical company in South Florida. The company has no office and exists only in three separate storage units at the Shurgard Storage Facility (a public storage facility, where anyone can rent a unit) on Oakland Park Boulevard. Thomas NAROG became a DEA registrant, licensed to distribute drugs and medication in 1998. Pseudoephedrine is an over the counter cold medicine that is not illegal to possess or distribute. However, it is a precursor to methamphetamine, and is used to manufacture methamphetamine usually in clandestine labs in the Western part of the country.

1

3.    THOMAS NAROG, has been obtaining extremely large quantities of
pseudoephedrine which is being processed and manufactured into methamphetamine. Law
enforcement officials in South Florida received information from law enforcement officials in
California that pseudoephedrine with the brand name "Tru-Choice Maximum" was showing up
in their arrests of individuals involved in the manufacture and distribution of methamphetamine.
"Tru-Choice Maximum" is the label under which Narog receives his pseudoephedrine.
Pseudoephedrine is a precursor to  methamphetamine and a necessary component in the
manufacture of methamphetamine.

4.    On or about August 1, 2000, a search warrant was executed on Narog's residence
located at 8 Castle Harbor Isle, Fort Lauderdale, Florida.  Inside the residence agents discovered
voluminous documentation relating to Narog's business -  Seaside Pharmaceuticals.  One of the
bedrooms inside the residence was maintained as a business office.  Inside that bedroom were
numerous documents relating to the business of Seaside Pharmaceuticals, a computer, and a Casio
BOSS (Business Organizer Scheduling System).   The computer and Casio BOSS were seized, *and are
currently stored at the DEA, 1475 West Cypress Creek Road, Suite 301, Fort Lauderdale,
FL*
5.    Narog maintains his office and business records out of his residence at 8 Castle Harbor
Isle, Fort Lauderdale, Florida.  Based on your affiant's training and experience, there is probable
cause to believe that the BOSS (Business Organizer Scheduling System)  will contain names,

2

addresses, telephone numbers, dates, times, schedules, appointments, notations, and other stored

data relating to the distribution of pseudoephedrine and to deliveries, pick-ups, orders, and other

information relating to the distribution of pseudoephedrine.


FURTHER YOUR AFFIANT SAYETH NAUGHT


JOSEPH COLLINS, Special Agent
Drug Enforcement Administration


Sworn and subscribed to before me
this ___ day of August, 2000

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

3