## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.

THOMAS NAROG,

                    Defendant.

_____/



FILED by _____ D.C.
MAG. SEC.

JAN 2 5 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### <u>ORDER</u>

**THIS CAUSE** is before the Court on general Order of Reference from United States District Court Judge Daniel T.K. Hurley for disposition and/or report and recommendation of all pending pretrial criminal motions.  Before the Court are the Defendant's Petitions for Writ of Habeas Corpus Ad Testificandum for Peter Elias, John Raftopoulos, Mark Maher, and William Vissaggi.  The Defendant filed his petitions on January 24, 2002.  In the petitions, Defendant states he needs the above named prisoners to testify on his behalf at trial on February 4, 2002.  The prisoners are presently incarcerated at the following four locations: Miami FCI; Coleman USP; Beaumont USP, Texas; and FCI Fort Dix, New Jersey.

28 U.S.C. § 2241(c)(5) states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [i]t is necessary to bring him into court to testify or for trial."  In order for the Court to issue a writ of habeas corpus ad testificandum, the defendant must show the witness is necessary for an adequate defense.  <u>United States v. Wright</u>, 63 F.3d 1067, 1070 (11th Cir. 1995); 28 U.S.C. § 2241(c)(5).  The defendant must proffer the proposed witness's testimony to the court.  <u>Wright</u>, 63 F.3d at 1070.  The

defendant has the burden of showing the witness's testimony is both necessary and relevant, and failure to proffer information demonstrating those elements is sufficient grounds to deny a writ of habeas corpus ad testificandum. Id. at 1071 (quoting United States v. Rinchack, 820 F.2d 1557, 1568 (11th Cir. 1987).

In this case, the Defendant failed to proffer the proposed testimony of the witnesses to this court. Thus, the Defendant has not met his burden of proving that the testimony is necessary and relevant. Additionally, the Defendant's petitions are not timely. Defendant did not file his petitions until January 24, 2002, and he requests the presence of these witnesses at trial on February 4, 2002. This allows just over one week for the Court to rule on these petitions and for the United States Marshal's Service to transfer the prisoners here from their four separate locations.

For the foregoing reasons, the Defendant's Petitions for Writ of Habeas Corpus Ad Testificandum for Peter Elias, Mark Maher, John Raftopoulos, and William Vissaggi are DENIED.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 25 day of January, 2002.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:

Fred Haddad, Esq.
AUSA Thomas O'Malley

2