UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211-HURLEY/VITUNAC

UNITED STATES OF AMERICA,
Plaintiff,

vs.

THOMAS NAROG,
Defendant.
_______________________/

FILED
MAR 27 2002
CLERK, USDC / SDFL

**RENEWED MOTION FOR JUDGMENT OF ACQUITTAL, OR ALTERNATIVE MOTION FOR NEW TRIAL; MOTION TO DISMISS FORFEITURE OR SET ASIDE VERDICT**

COMES NOW the Defendant aforesaid by the undersigned counsel and pursuant to Rule 29(c) makes this Renewed Motion for Judgment of Acquittal or Alternatively makes Motion for a New Trial and Motion to Dismiss for Forfeiture or Set Aside Verdict and states:

1. The Defendant was charged in a fourteen Count Indictment, Counts one and Two involving conspiracies and the remaining counts being substantive.

2. The Defendant submits that the evidence is insufficient to sustain the convictions on any of the counts, but particularly Counts 2, 4, 5, 7, 9 the Manufacturing of Methamphetamine and the Conspiracy related thereto; that is the Government's proof is insufficient and therefore, the Court should enter an Order of Acquittal.

3. The evidence failed to establish that which is necessary to hold the Defendant liable either for conspiracy in Count Two or for aiding and abetting on the Manufacturing of Methamphetamine or as a principal or any other.

4. The evidence in the case, as shall be argued below, failed to establish that the Defendant conspired to possess pseudoephedrine with the intent to manufacture methamphetamine or the actual possession with the intent as substantively charged.

5. The evidence fails to establish that the Defendant was a knowing participant in any conspirational act and the evidence similarly fails to establish that the Defendant was a member of a conspiracy on Count Two, or indeed on Count One.

6. That even the purported co-conspirator statements are not remotely sufficient to cause the inclusion of the Defendant as a purported co-conspirator, and thus the evidence failed to rise to the level sufficient to deprive the Defendant of the benefit of a Rule 29 Motion.

7. The evidence, it is submitted, as to the conspiracy charged in Count One and the related Substantive Counts regarding the possession of pseudoephedrine with knowledge, or having reasonable cause to believe it would be used to manufacture pseudoephedrine is similarly insufficient to sustain the conviction.

8. Too, as to the forfeiture, the Defendant submits the evidence was insufficient to sustain the jury's verdict forfeiting the house under the facilitation theory espoused by the Government.

9. That the Court therefore should grant the Rule 29(c) and order the Defendant acquitted of Counts One and Two Conspiracy and all substantive Counts.

## ALTERNATIVE MOTION FOR NEW TRIAL

That in the event the Court does not grant the judgment of acquittal, the Court should grant a new trial for the following reasons:

10. The verdict is contrary to the law.

11. The verdict is contrary to the evidence.

12. The verdict is contrary to the Court's instructions on the law.

13. The evidence is insufficient to sustain the verdict returned by the jury.

14. The verdict is contrary to the manifest weight of the evidence and not supported thereby.

15. The verdict is contrary to the law and the evidence.

16. The Court erred in overruling the Defendant's objections to the prosecutors offerings, as well as in denying the Motion to Suppress and particularly the seizures from Narog's residence.

17. The Court erred in sustaining the objections of the prosecutor to the Defendant's questions.

**MEMORANDUM OF LAW**

The Defendant, Thomas Narog, has renewed his Motion for Judgment of Acquittal. The Defendant made the same Motion at the close of the Government's case and at the close of all the evidence, and pursuant to Rule 29(c), of course, renews the same post verdict.

The Defendant would acknowledge that the Court heard the evidence in this case, and the Defendant argued previously so that the Court is aware of the arguments to be made.

As with the Appellate Court this Court should review carefully and in a manner akin to "de novo" sufficiency of the evidence challenges. See *United States v. Delgado*, 56 F.3d 1357, 1363 (11 Cir. 1995). The Defendant acknowledges that the Court looks at the evidence in the light most favorable to the Government, with all reasonable inferences and credibility choices made in the Government's favor. *United States v. Lyons*, 53 F.3d 1198, 1200 (11 Cir. 1995). What the Court must consider is whether any reasonable jury could have found the Defendant guilty beyond a reasonable doubt; *United States v. Newton*, 44 F.3d 913, 921 (11 Cir. 1995), and the Defendant submits that burden cannot be sustained on the facts presented at trial.

To sustain Narog's conviction for either conspiracy charged herein, the evidence must show that a conspiracy existed and that Ventrice, with knowledge of its existence, voluntarily joined it. See _United States v. Ramsdale_, 61 F.3d 825, 829 (11 Cir. 1995); _United States v. Jones_, 913 F.2d 1552, 1557 (11 Cir. 1990). The Government need not present direct evidence to prove participation in a conspiracy. See _United States v. Orr_, 825 F.2d 1537, 1543 (11 Cir. 1987). Instead, the existence of a conspiracy and the Defendant's participation in it may be proven through circumstantial evidence. See _United States v. Mercer_, 165 F.3d 1331, 1333 (11 Cir. 1999); _United States v. Tamargo_, 672 F.2d 887, 889 (11 Cir. 1982). However, "[w]here the government's case is [based on] circumstantial [evidence], reasonable inferences, and not mere speculation, must support the jury's verdict" [emphasis supplied] _United States v. Mejia_, 97 F.3d 1391, 1392 (11 Cir. 1996) (quoting _United States v. Lopez-Ramirez_, 68 F.3d 438, 440 (11 Cir. 1995)). As stated above, this burden is not met particularly as to Count Two, the Conspiracy to Possess with the Intent to Manufacture pseudoephedrine.

While the evidence presented at the Defendant's trial was sufficient to prove that a methamphetamine conspiracy existed among certain persons and carried out in California, evidence of Narog's knowledge and participation in the conspiracy, however, is another matter. He was present on a number of occasions when

conspiratorial actions were taken by others as related to Count One, but the Court has consistently held that "[m]ere presence is insufficient to establish knowing participation in a conspiracy, as is mere association with conspirators". United States v. Sullivan, 763 F.2d 1215, 1218 (11 Cir. 1985) (internal citations omitted); see also Lyons, 53 F.3d at 1201; United States v. Perez-Tosta, 36 F.3d 1552, 1557-58 (11 Cir. 1994). The Defendant submits there is no "culpable participation" in Count Two. Although culpable participation need not be great, "[a]t a minimum, [a] defendant must willfully associate himself in some way with the criminal venture and willfully participate in it as he would in something he wished to bring about". Newton, 44 F.3d at 922. While stating the law on this point is easy, applying it to facts falling along the evidentiary spectrum can be difficult in close cases, however, the Defendant submits that this is not that close a case so that upon reflection the Rule 29 motion should be granted.

The Government, of course, may meet its burden of showing knowing participation "even when the defendant plays only a minor role and does not know all the details of the conspiracy". Lyons, 53 F.3d at 1201 (citation omitted). In Lyons, the Eleventh Circuit upheld a Defendant's conviction despite the Government's failure to present any evidence that the Defendant facilitated the drug conspiracy. Lyons, 53 F.3d at 1200-1203. But the evidence in Lyons established that the Defendant saw the

cocaine and was present during drug negotiations and delivery. She was present on two occasions during which drugs were delivered and by the time of the second transaction, she was undoubtedly aware of what was going on. *Id.* at 1202. Moreover, the Defendant admitted that she knew a drug deal was taking place. *Id.*

Certainly the Defendant concedes that there is a different level of proof adduced as to Count One vis a vis Count Two, but the Defendant submits there is scant evidence of the Defendant's knowledge of the conspiracy in Count Two that El Haddad and Samhan joined in California.

The Defendant similarly submits that as to the possession with intent to manufacture methamphetamine alleged in Counts 4, 5, 7 and 9. Again stepping back and looking at the evidence adduced at trial to support this Count the Defendant again submits the evidence failed to support the verdict. Of course there is no question that Mr. Narog possessed pseudoephedrine, however there is no sufficient proof that he did so with the intent to manufacture methamphetamines.

Were the Court to decide not to grant a post verdict Rule 29, the Defendant submits that the Court ought to grant a new trial for the various grounds set out herein. Aside from the aspects of objections and the prejudice therein, the Defendant would submit the evidence in either case is insufficient to sustain the verdict and at least a new trial should be ordered.

The evidence is quite conflicting on the Counts for which the Defendant was convicted, but at no time did it satisfy the proof requirement.

The Defendant realizes the standard of review the Court employs regarding sufficiency of the evidence is that:

> "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilty beyond a reasonable doubt. A jury is free to choose among reasonable construction of the evidence".

*United States v. Bell*, 678 F.2d 547, 549 (5 Cir., Unit B, 1982), quoted with approval in *United States v. Battle*, 892 F.2d 1992 (11 Cir. 1990). And of course the Court will examine the evidence "in the light most favorable to the government, resolving all credibility choices and drawing all reasonable inferences in support of the jury's verdict", *Battle*, *supra; United States v. Cruz-Valdez*, 773 F.2d 1541 (11 Cir. 1985).

Further, the Defendant also recognizes, as the Court wrote in *United States v. Hewitt*, 663 F.2d 1381 (11 Cir. 1981), a judgment of acquittal or new trial is not required because the Government's case includes testimony "by an array of scoundrels, liars and braggarts", citing to *United States v. Tiche*, 424 F.Supp. 996 (W.D.Pa.) aff'd mem., 564 F.2d 90 (3 Cir. 1977).

Although the Court must apply the *Glasser* standard [*Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457 (1942)] still the Government must present sufficient proof to sustain the Defendant's conviction [cf: *United States v. Fernandez*, 797 F.2d 943 (11 Cir. 1986)]. In this, it is submitted, the Government failed, and that failure, if not sufficient for acquittal, should warrant a new trial.

The Defendant set forth, at trial, and in written Motion, the authorities for the remainder of the matters set forth herein above including the double jeopardy aspects, and asks, upon reflection the same be granted.

WHEREFORE the Defendant requests that the Court either order an acquittal in this matter, or alternatively order a new trial.

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the parties listed below, this 26 day of March, 2002.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
Tel: [954] 467-6767
Fax: [954] 760-4421

By: ______________________
FRED HADDAD
Florida Bar No. 180891

**SERVICE LIST**

Thomas O'Malley, Esq.
Office of the U.S. Attorney

500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394-3092

Timothy Biosello, Esq.
33 N. Dearborn Street, Suite 1015
Chicago, IL 60602

Richard Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

John R. Howes, Esq.
633 S.E. 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Paul Goodman, Esq.
33 North Dearborn Street, Suite 1015
Chicago, Illinois 60602

Glenn Seiden, Esq.
33 North Dearborn Street, Suite 1015
Chicago, Illinois 60602

Randee Golder, Esq.
P.O. Box 3756
Boynton Beach, Florida 33424-3756

Charles White, Esq.
1031 Ives Dairy Road, Suite 228
Miami, Florida 33179