UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211-HURLEY/VITUNAC

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

THOMAS NAROG,
    Defendant.
_____/

FILED

MAR 27 2002

FRK, USDC / SDFl

## NOTICE OF OBJECTIONS TO FORFEITURE
## MOTION FOR JUDGMENT SETTING ASIDE VERDICT
## AND TO DISMISS FORFEITURE

COMES NOW the Defendant, Thomas Narog, by the undersigned counsel and makes the above captioned pleading and states:

1.    The Defendant, prior to the matter of forfeiture of the Defendant's home being submitted to the jury, objected to the matter being presented, the Court reserved ruling, the jury found that forfeiture was improper, and the Defendant objects thereto and moves that the Court set aside the verdict.

2.    The Government proceeded under 21 U.S.C. §853(a)(2) the facilitation provision of the statute alleging that the house was used to facilitate the commission of the offenses set forth in the Indictment.

3.    The Defendant submits that even by a preponderance of the evidence standard there was not sufficient proof that the home was used to facilitate the commission of the crime.

4.    There was never any showing that a single co-conspirator met at Narog's house; there was no showing that any pseudoephedrine at the home, nor that any deliveries were made therefrom.

5. There was a seizure conducted at the house pursuant to a search warrant [that of course was the subject of pretrial motions and will be on issue on appeal]. In that search of the home office numerous documents were found, including invoices of Impact Food Sales, computer documents, the papers from the Oregon Stop, various letters to Investigator Sustache as well as the letter designating the home as the place for receipt of mail.

6. The Defendant submits that the storage of documents and the keeping of various records at the home does not warrant forfeiture.

7. The definition of facilitate is taken from the Eleventh Circuit Pattern Jury Instructions, which states, "To 'facilitate' the commission of an offense means to and, promote, advance or make easier the commission of the act or acts constituting the offense".

8. The Defendant reiterates that the Government's proof as to the house was insufficient to sustain this.

## MEMORANDUM OF LAW

The Defendant certainly recognizes that the fact that only a portion of the property was used to facilitate the commission of the crime renders the entire parcel subject to forfeiture, ie <u>United States v. Littlefield</u>, 821 F.2d 1365 (9 Cir. 1987).

And, while not concerning a house, the Eleventh Circuit addressed certain issues in <u>United States v. Rivera</u>, 884 F.2d 544 (11 Cir. 1989), cert. denied 498 U.S. 1018, 110 S.Ct. 1322 that may be instructive on the issues.

In that case the Government sought forfeiture of the Defendant's ranch and twenty seven quarter horses on the theory these assets helped that Defendant facilitate his sale and distribution of heroine. The jury gave Burgess the ranch, but forfeited the quarter horses.

2

Burgess appealed arguing that his horses were not proven to have played a role in the trafficking activities.

The Court found and held as follows after referring to the Supreme Court's opinion in *Russello v. United States*, 464 U.S. 16, 104 S.Ct. 296 (1983):

> We follow the Court's lead and hold that the term "facilitate" as used in section 853(a)(2), encompasses the situation presented here, in which Burgess' horse breeding business and the horses he had on hand were used as a cover for his drug trafficking activities. Burgess used the ranch's telephone to transact most of his drug business. Tape recordings of his telephone conversations, which the Government monitored pursuant to a court ordered wiretap, revealed that, in buying heroin from Rivera and arranging for its distribution to the dealers, Burgess used, as code words the same words that he used in conducting his horse business, such as "horses", "Halters", "bales of hay", and "lead lines". A jury could have found beyond a reasonable doubt that the horse business was simply a front for Burgess' drug trafficking, a device that might help him avoid detection. We conclude that, given the court's instructions, the jury made such a finding, and that the finding provided a sufficient basis for the forfeiture of the horses. *See United States v. One 1977 Lincoln Mark V. Coupe*, 643 F.2d 154, 157 (3d Cir.) (automobile held to be subject to forfeiture even though it was not used to transport or conceal a controlled substance because "[t]he presence of the automobile with its hood up provided a convenient cover whereas two men alone in an alley might have appeared suspicious"), *cert. denied*, 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1981).

Compare also *United States v. Dicter*, 198 F.3d 1284 (11 Cir. 1999).

The Defendant submits therefore that there was not, even by the preponderance of evidence standard, sufficient evidence of facilitation by the residence to warrant its forfeiture, and therefore the Defendant submits that the verdict should be set aside and the forfeiture be dismissed.

3

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the parties listed below, this 27 day of March, 2002.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
Tel: [954] 467-6767
Fax: [954] 760-4424

By: _____
FRED HADDAD
Florida Bar No. 180891

## SERVICE LIST

Thomas O'Malley, Esq.
Office of the U.S. Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394-3092

Timothy Biosello, Esq.
33 N. Dearborn Street, Suite 1015
Chicago, IL 60602

Richard Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

John R. Howes, Esq.
633 S.E. 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Paul Goodman, Esq.
33 North Dearborn Street, Suite 1015
Chicago, Illinois 60602

Glenn Seiden, Esq.
33 North Dearborn Street, Suite 1015
Chicago, Illinois 60602

Randee Golder, Esq.
P.O. Box 3756
Boynton Beach, Florida 33424-3756

Charles White, Esq.
1031 Ives Dairy Road, Suite 228
Miami, Florida 33179

5