UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY(s)

FILED

APR 15 2002

CLERK, USDC / SDFL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS NAROG,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR ENTRY OF**
**PRELIMINARY ORDER OF FORFEITURE**

The United States requests the entry of a preliminary order of forfeiture pursuant to 21 U.S. §853 and Fed. R. Crim. P. 32 (d)(2). In support, the United States submits that:

1. On March 15, 2002, after a trial in this matter, the jury returned a guilty verdict against Thomas Narog, ("defendant") on charges of knowingly and intentionally possessing and distributing pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture a controlled substance possession with intent to distribute cocaine, as alleged in Counts one through fourteen of the superseding indictment, in violation of Title 21 U.S.C. §§841(d)(2) and 846. The jury also returned a special verdict of forfeiture finding that the defendant's interest in the property described in paragraph six of this motion, as alleged in the forfeiture allegations of the superseding indictment, should be forfeited as property used or intended to be used, in any manner or part, to commit or facilitate the commission of the narcotics violations charged in Counts one, two, ten, eleven, twelve, thirteen, and fourteen

2. Rule 32.2 (d)(2), Federal Rules of Criminal Procedure allows this Court to enter a preliminary order of forfeiture when a verdict is returned with a finding that property is subject to forfeiture.

3. Title 21 United States Code §853(g), provides:

Upon entry of an order of forfeiture under this section the court shall authorize the Attorney General to seize all property ordered forfeited upon such terms and conditions as the court shall deem proper. Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited. Any income accruing to, or derived from, an enterprise or an interest in an enterprise which has been ordered forfeited under this section may be used to offset ordinary and necessary expenses to the property which are required by law, or which are necessary to protect the interests of the United States or third parties. (Emphasis added).

4. During the trial in this matter, the attorneys for plaintiff and defendant informed the Court that defendant Thomas Narog had agreed to the forfeiture of the boxes containing the pseudoephedrine pills, listed as items 3 and 4 in the forfeiture allegations of the superseding indictment

5. Pursuant to 21 U.S.C. §853(g) and Fed. R. Crim. P. 32.2 (d)(2), the United States requests that the Court enter the attached-preliminary order of forfeiture.

## ASSETS SOUGHT TO BE FORFEITED

6. Accordingly, the United States requests that this Court enter an order forfeiting the defendant's interest in the following property for which the jury returned a special verdict of forfeiture:

      A.      a single family residence[1] located at 8 Castle Harbor Isle, Fort Lauderdale, Florida;

      B.      118 boxes, containing 144 bottles per box, of 60mg, 60 count "Tru-Choice Maximum" pseudoephedrine pills, and 31 boxes of loose 60mg "Tru-Choice Maximum" pseudoephedrine pills packaged in clear ziplock baggies; and

      C.      875 boxes, containing 48 bottles per box, of 60 mg, 60 count "Tru-Choice Maximum" pseudoephedrine pills.

## NOTIFICATION PROCEDURE

7. After the entry of the judgment and preliminary order of forfeiture, the United States shall promptly commence the notification and publication process required by 21 U.S.C. §853(n)(1). If any third party claims or petitions are filed with the Court within the applicable period, the United States may take the deposition of witnesses, and request documents, books and records, relating to the forfeited property, pursuant to 21 U.S.C. §853(m).

8. The Court has broad powers to take whatever steps are necessary to protect the interests of the United States and any interested parties in property forfeited pursuant to 21 U.S.C. §853(e). Pursuant to Federal Rule of Criminal Procedure 32 (d)(2), the judgment and preliminary order of criminal forfeiture shall authorize the Attorney General to seize all the interest or properties subject to forfeiture, upon such terms and conditions as the court shall deem proper. United States v. Conner, 752 F.2d 566, 577 (11th Cir.), cert denied, 474 U.S. 821 (1985).

---

[1] The residence is also known as: Bermuda-Riviera Sub of Galt Ocean Mile, 38-46 B, Lot 2 Block D. APN 49-43-19-03-0830.

3

WHEREFORE, the United States requests the entry of the attached Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. §853 and Rule 32 (d)(2), Federal Rules of Criminal Procedure.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
WILLIAM H. BECKERLEG, JR.
Assistant United States Attorney
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Fla. Bar No. A5500074
Tel: (954) 356-7314, ext. 3614
FAX: (954) 356-7180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 11th day of April, 2002, to:

Alvin Ernest Entin, Esq.
Attorney for Thomas Narog
c/o Entin, Margules & Della Fera
110 S.E. 6th Street
Suite 1970 Auto Nation Tower
Fort Lauderdale, FL 33301

_____
WILLIAM H. BECKERLEG, JR.
ASSISTANT U.S. ATTORNEY