UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6211-HURLEY/VITUNAC

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

THOMAS NAROG,
    Defendant.
_____/

## NOTICE OF OBJECTIONS TO PSI
## MOTION FOR DOWNWARD DEPARTURE

The Defendant Narog has received and renewed the Presentence Report and would state as follows:

1. The Defendant was convicted of course on a superseding indictment which was superseded to include the allegation of methamphetamine manufacturing.

2. That as he did at trial, and post trial, the Defendant denies any involvement in a conspiracy to manufacture methamphetamine, or the correlative of allegations of Counts 4, 5, 7 and 9.

3. The Defendant acknowledges that he was the owner of Seaside Pharmaceutical as asserted in paragraph 38, however he denies he is accountable for 2,199 pounds of methamphetamine.

4. The Defendant objects to paragraph 54 and 55 in that the Defendant again asserts he was not involved in any conspiracy to manufacture methamphetamine and thus the level 38 base offense level should not apply. Rather, the Defendant should be considered as with other Co-Defendants as if he were not involved in the methamphetamine aspects of the case but only the pseudoephedrine which the undersigned calculates would be a level 30.

5. The Defendant's family has advised that the interest dividend income is not accurate.

## MOTION FOR DOWNWARD DEPARTURE

COMES NOW the Defendant aforesaid by counsel undersigned and makes Motion for a Downward Departure in this matter and states:

1. The Defendant is approximately 68 years of age being born in June 1934.

    2.      The Defendant has certain health problems.

    3.      The Defendant led an entirely law abiding life until the instant case. The Defendant has no juvenile or adult convictions nor any criminal conduct at <u>all</u>.

    4.      The Defendant lived a long life with his wife and raised a wonderful child. The Defendant's wife died in June 1997.

    5.      The Defendant's sentencing guideline range is 235 to 293 months, which is a life sentence for this Defendant.

    6.      The Court has authority to depart downward under various circumstances based upon the Court's experience and day to day experience in criminal sentencing. [*Koon v. United States*, 518 U.S. 81 (1996)].

The Defendant submits the existing case is the classic aberrant behavior case envisioned under guideline §5k2.20 "Aberrant Behavior". The undersigned recognizes that that policy statement excludes serious drug trafficking offenses, however the Defendant submits the word's "may not depart" are directory rather than mandatory. The conduct of this 68 year old first offender, considering his entire life, certainly qualifies as aberrant behavior. [See ie *United States v. Takai*, 941 F.2d 738 (9 Cir. 1991) and *United States v. Pena*, 930 F.2d 1486 (10 Cir. 1991)].

    7.      The Defendant also recognizes that §5H1.1-5H1.12 specific offender characteristics, state that various characteristics such as age, family ties, community ties and mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the guideline range, although in certain circumstances that can apply [see ie age, 5H1.1, elderly and infirm].

    8.      The undersigned acknowledges that there is a ten year mandatory minimum herein, although the Defendant preserves his objections to the Count II and related methamphetamine convictions and such precludes the Court departing below the mandatory save a safety valve application.

    9.      The Defendant's physical and mental condition, it is submitted, render him extremely vulnerable, which could justify a downward departure, compare *United States v. Long*, 977 F.2d 1264 (8 Cir. 1992).

Indeed the Defendant has been at one point placed on suicide watch.

    10.    The Defendant would respectfully submit that the combinations of the Defendant's lengthy employment and close family ties, his singularly clean record and what is clearly aberrant

behavior can be found to justify a departure [compare *United States v. Tsosie*, 14 F.3d 1438 (10 Cir. 1994), *United States v. Gifford*, 17 F.3d 462 (1 Cir. 1994).

WHEREFORE the Defendant requests this Motion be granted.

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Thomas O'Malley, Esq., Office of the U.S. Attorney, 500 E. Broward Blvd., 7th Floor, Fort Lauderdale, Florida 33394-3092 and to Patricia A. Borah, U.S. Probation, 501 S. Flagler Drive, Suite 400, West Palm Beach, Florida 33401-5912, this 16th day of May, 2002.

HADDAD & HESTER, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
Tel:  [954] 467-6767
Fax:  [954] 760-4421

By: _____
FRED HADDAD
Florida Bar No. 180891