IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    \*

      Plaintiff,    \*

          \*

-versus-    \*    Case No.:   00-6211 cr

          \*   (Hurley/Vitunac)

THOMAS NAROG,    \*

      Defendant.    /

## MOTION TO VACATE OR GRANT ADMINSTRATIVE RELIEF OF THE FINE JUDGEMENT IN LIGHT OF UNITED STATES V. PROUTY, NO. 01-15273 (11TH CIR. 2002)

**COMES NOW** the defendant, <u>Thomas Narog</u>, in propia persona interposing <u>HAines v. Kerner</u>, 404 U.S. 519 (per curiam)(1972), and respectfully submit[s] the following for relief from the fine judgement in light of <u>United States v. Mcglothin</u>, 249 F.3d 783 (8th Cir. 2001), and most recently <u>United States v. Prouty</u>, No. 01-15273 (11th Cir. 2002).

On June 7, 2002, the Petitioner was sentenced by United States District Court Judge, Daniel T.K. Hurley, SOuthern District of Florida to a term of 240 months imprisonment, a $25,000.00 in fine and five years supervised release. A Judgement and Commitment Order was entered indicating the aforesaid imprisonment and explicity indicating the terms of payment schedule for the instant fine stating: "..............................at the directions



of the United States Probation Officer." See the J&C Order.

## THE DISTRICT COURT ERRED IN DELEGATED THE SETTING OF THE PAYMENT SCHEDULE TO THE PROBATION OFFICER

On or about October 2002, the Petitioner was advised by his Unit Team Counsel at FCI Miami, which in accordance with P.S. 5380.05 contacted the United States Probation Office for the Southern DIstrict of Florida for clarification of the court's order regarding the schedule of payment for the instant fine. P.S. 5380.05(6)(b) directs the UNit Staff to contact the United States Probation Offce for clarification of courts ordered obligations when a reasonable doubt exist as to the terms of payments. In the instant case, however, there is no doubt as to the payment schedule evinced by the Court's instruction clearly mandating <u>at the direction of the United States Probation Office.</u>

The problem encountered in the instant case is that the United States Probation Officers duties are explicity restricted under 18 U.S.C. §3603(&) & (9), which states in its pertinent part: The Probation Officer <u>shall</u> -- (7) "report to the Court any failure of a probationer [under his supervision] to pay a restitution or fine in default within thirty days after notification that it is in default so that <u>the Court may determine whether probation should be revoked.</u>" - - (9) "Perform any duty that the Court may designate." (emphasis added).

The Petitioner avers that in accordance with 18 U.S.C.§3603(7) & (9) (quoting <u>United States v. Mcglothin</u>, 249 F.3d 783 (8th Cir. 2001) and <u>United States v. Prouty</u>, No.

2

No. 01-15273 (11th Cir. 2002)), the U.S. Probation Officer <u>exceeded</u> her authority when it instructed the U.S. Bureau of Prisons to begin immediate collection of the Petitioner's $25,000.00 fine. It is the District Court, <u>not</u> the U.S. Probation Officer who must constitute the timing and amount of payment on a court ordered obligation of a defendant who is not on probation or suprevised release . (empasis added).

"The better practice is that where parties are aggrived, <u>the amount to be paid and the manner of payment</u> should be recited in the Sentencing Order, rather than delagating these details to the probation officer." <u>Whitehead v. United States,</u> 155 F.2d 460, 462 (C.A. 6, 1946), cert. denied, 329 U.S. 747, 67 S.Ct. 66, 91 L.Ed. 644.

Making decisions about the amount of payments, the amount of installments, and their timing is a judicial function and therefore is non-delegable. <u>See Arnold v. United States</u>, 271 F.2d 440, 441 (4th Cir. 1959)("duties impose upon the Court cannot be discharged by the probation officer"); c.f. <u>United States v. Stuver</u>, 845 F.2d 73 (4th Cir. 1988)(payment ordered "in amount to be determined by [defendant's] probation officer" is "illegally imposed"). This has been the conclusion of all the circuits that have considered this question. <u>See United States v. Porter</u>, 41 F.3d 68 (2d Cir. 1994)(sentencing court cannot delegate decisions as to amount of fine or the scheduling of installment payments); <u>United States v. Albro</u>, 32 F.3d 173 (5th Cir.1994). "The court itself <u>must</u> designate the timing and amount of payments." <u>United States v. Gio</u>, 7 F.3d 1279 (7th Cir. 1993); <u>See also Dougherty v. White</u>, 689 F.2d 142 (8th Cir. 1982).

3

It is the Petitioner's contention that with the aforementioned precedents alone his argument should prevail. The district court erred in delegating to probation officer the setting of schedule to pay the fine, setting a schedule for a prisoner to pay a fine is a core judicial function, a statutes precludes district court from delegating duties expressly delineated in statute.

In other words, the United States Federal Bureau of Prisons cannot amend Congressional Legislation at whim inasmuch as the statute does authorized the district court to order the probation officer to perform such duties as the court directs, see 18 U.S.C. §3603(9), the types of duty that the court so delegate is limited by Art. III, cases or controversies committed to Art. III Courts cannot be delegated to non-judicial officers for resolution. See United States v. Raddatz, 447 U.S. 667, 683, 100 S.Ct. 2406, 2416, 65 L.Ed. 2d 424 (1980).

In the instant case, the Petitioner is presently committed to the custody of the United States Bureau of Prisons, therefore, not subject to the condition of probation or supervised release until his release from imprisonment, at which time he will be bound by the condition impose upon him by the court. Furthermore, in light of United States v. Jolivette, 257 F.3d 581 (6th Cir. 2001), the Court lacked jurisdiction now to modify the judgement of fine Order to imposed schedule payment since the 90 days had passed since the sentencing hearing, and sentencing court failed to specify the manner and schedule of payment. 18 U.S.C.A. §3664(d)(5),(f)(1)(B)(2),(0)(A-D).

4

The statute states that "[a] sentence that imposes an order of a fine is a final judgement notwithstanding the fact that the sentence "can be subsequently corrected, appealed, modified or adjusted. 18 U.S.C. §3664(D). According to the statute, a correction means the repair of an earlier error. See 18 U.S.C.§3664(o(1)(A). Modification also cite to specific Code sections that allow changes to the earlier fine amount when the defendant's financial conditions change. See 18 U.S.C.§3664(0)(1)(C-D). These provisions allowing correction and amendments after a significant period of time has passed but affirming the finality of the sentence mititate strongly in favor of a finding finality in the district court's order.

Most importantly, the statutory deadline for set the manner or schedule payments of fine or restitution due has passed (90 days from the hearing date, 18 U.S.C.§3664(d)(5)). Since the 90 days period has passed, the district court could not now, consistent with the terms of the statute, specify "the manner in which, and the schedule according to which, the fine is to be paid. " See 18 U.S.C. §3664(F)(1)(B)(2).

The statute makes clear the Congressional intent to prohibit courts from making fine determination after the statutory period has run. But even if the Court found Congress's silence on the issue of what occurs if, as in this case, the Court does not make such determination, Court <u>shall</u> apply the well-settled rule requiring that any amiguity in criminal statutes be resolved against the government and in favor of the criminal defendant. <u>Staples v. United States,</u> 511 U.S. 600, 619, n.17, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994)(rule of lenity re-

5

quires that "ambiguous criminal statute[s] be construed in favor of the accused").

WHEREFORE, the Petitioner respectfully request that Court issue "Order" to United States Bureau of Prison, FCI Miami, to comply with the sentencing order in light of <u>United States v. Prouty</u>, No.01-15273 (decided August 27, 2002, 11th Cir.) by removing the schedule payment of fine from sentry, and insert "no obligation" in accordance with its P.S. 5380.05(6)(B) which states, "this category is also used for an inmate who has no financial obligation payable while in custody."

On this _____16_____ day of OCtober, 2002.

Respectfully submitted,

*Thomas L. Narog* (signature)

Mr. Thomas L. Narog
Reg.No.. 55409-004
Federal Correctional Institution P.O. Box 779800
Miami, Florida 33177

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have mailed a copy of the foregoing Motion to United States Attorney Office, Southern District of Florida @ 99 N.E. 4th Street Miami, FLorida, 33132-2111, by depositing the same via postage prepaid in the FCI Miami Institution mail box.

On this __16__ day of OCtober. 2002.

Respectfully submitted

*[signature]*

Mr. Thomas L. Narog
Reg.No. 55409-004
Federal Correctional Inst.
P.O. Box 779800
Miami, Florida
33177