UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211-HURLEY/VITUNAC

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

THOMAS NAROG,
    Defendant.
_____/

## MOTION FOR STAY OF FORFEITURE

COMES NOW the Defendant, Thomas Narog, through the undersigned counsel and makes this Motion for Stay of Forfeiture and as grounds would state the following:

1. Defendant Narog has filed Notice of Appeal from the Court's Preliminary and Final Forfeiture Order that have recently been entered in this case.

2. The forfeiture relates to the Defendant's homestead property in Fort Lauderdale which is the Defendant's family home.

3. The Defendant has appeal the verdict, judgment and sentence that was the underlined basis for the forfeiture, as well as the forfeiture verdict.

4. The undersigned had expected, as has occurred in another forfeiture matter of a family home the undersigned handled, that the Government would enter with an agreement that the Defendant and his family maintain the status quo of the property [*U.S.A. v. Bareford*, D.C. Case Number 95-06037-WJZ].

5. Indeed in conversations with Agent Elizabeth Valdez of the United States Customs the undersigned thought that was occurring herein.

6. That Mr. Narog's daughter has been advised the Government is taking the house on

7. The Orders of Forfeiture, as well as the Judgment and Sentence are on appeal; were a reversal to occur the property would revert to Mr. Narog.

8. More importantly and illustrative of this situation is the fact that Mr. Narog is 67 years old and in poor health. At the expense of melodrama, were he to die during the pendency of the appeal he would die acquitted and the forfeiture verdict would be set aside.

9. The property, the family home, being a unique home in a particularly exclusive section of Fort Lauderdale could not be replaced.

10. The only way to preserve this is to enter a stay and order the status quo and an agreement between the parties.

11. The undersigned was not able to reach the forfeiture assistant on this matter Mr. Beckerleg so his position is not known.

12. The Defendant would use as authority those cases touching upon the death of a person pending appeal as the appropriate authority.

13. The Court has held in _United States v. Logal_, 106 F.3d 1547 (11th Cir. 1997):

> This circuit has adopted the general rule that the death of a defendant during the pendency of his direct appeal renders his conviction and sentence void _ab initio_; _i.e._, it is as if the defendant had never been indicted and convicted. See _United States v. Pauline_, 625 F.2d 684, 685 (5th Cir. 1980); _United States v. Schumann_, 861 F.2d 1234, 1236 (11th Cir. 1988).

14. Further, the Court, in _Logal_, discussing a criminal restitution order which was part of the sentence, the same as herein, set the order aside and held:

> Moreover, a fundamental principle of our jurisprudence from which the abatement principle is derived is that a criminal conviction is not final until resolution of the defendant's appeal as a matter of right. See _Griffin v. Illinois_, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). As the Seventh Circuit has stated, "when an appeal has been taken from a criminal conviction to the court of appeals and

interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal..." *United States v. Moehlenkamp*, 557 F.2d 126, 128 (7th Cir. 1977). In the present case, Kuczek appealed both the conviction and the restitution order with the expectation that his appeal would result in a reversal. To uphold the restitution order with the expectation that his appeal would result in a reversal. To uphold the restitution order against Kuczek, who has been denied the opportunity to properly contest his conviction, violates the finality principle.

Concerning the argument that the heirs of Kuczek's estate may receive a windfall, nothing precludes the victims from bringing a separate civil action to prevent any improper benefit to Kuczek's estate. Accordingly, we grant Kuczek's motion requesting that we vacate his conviction and sentence, remand the case to the district court, and instruct the district court to dismiss the indictment.

15.   The Defendant Narog would also respectfully direct the Court to *United States v. Schumann*, 861 F.2d 1234 (11th Cir. 1988); and compare also *United States v. Dudley*, 739 F.2d 175 (4th Cir. 1984). *United States v. Dwyer*, 855 F.2d 144 (3rd Cir. 1988).

The Defendant would note that the Supreme Court has held that death of a Defendant during the pendency of his direct criminal appeal abates "all proceedings had in the prosecution from its inception". *Durham v. United States*, 401 U.S. 483, 91 S.Ct. 858 (1971), but see also: *Dove v. United States*, 423 U.S. 325 96 S.Ct. 579 (1970); see also *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585 (1956) and *United States v. Pauline*, 625 F.2d 684 (5th Cir. 1980), *United States v. Romano*, 755 F.2d 1401 (11th Cir. 1985).

The Defendant, as to the in rem criminal judgment of forfeiture would rely on *United States v. Dunne*, 173 F.2d 51 (9th Cir. 1909), *United States v. Salterfield*, 743 F.2d 827 (1984) and compare *United States v. Schuster*, 778 F.2d 1132 (5th Cir. 1985), *United States v. Morton*, 635 F.2d 723 (8th Cir. 1980), *Crooker v. United States*, 325 F.2d 318 (8th Cir. 1963), *United States v. Moeklenkamp*, 557 F.2d 126 (7th Cir. 1977), and therefore request that a stay be entered.

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Thomas O'Malley, Esq., and William Beckerleg, Esq., Office of the U.S. Attorney, 500 E. Broward Blvd., 7th Floor, Fort Lauderdale, Florida 33394-3092, this 25th day of October, 2002.

          FRED HADDAD, P.A.
          One Financial Plaza, Suite 2612
          Fort Lauderdale, Florida 33394
          Tel:   [954] 467-6767
          Fax:  [954] 760-4421

By: _____
      FRED HADDAD
      Florida Bar No. 180891