UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6211-CR-Hurley-Vitunac

UNITED STATES OF AMERICA,

Plaintiff,

vs.

THOMAS NAROG, et. al.,

Defendant(s).
_____/

## MOTION FOR REINSTATEMENT OF BOND

COMES NOW The Defendant, Thomas Narog, by and through undersigned counsel, and requests that this Honorable Court reinstate bond and issue a judicial order immediately releasing defendant Thomas Narog from his current incarceration at Federal Correctional Institution Miami. In support of this request, defendant now says:

1. This motion is based upon all files, records, and proceedings in this case.

2. On June 2, 2002, this Court, pursuant to a trial by jury, entered a "Judgment and Probation/Commitment Order" remanding defendant to a period of incarceration to be followed by a period of Supervised Release. Additionally, defendant was ordered to pay a fine and this court ordered a forfeiture of property. These actions were taken by the Court for violations of 18 U.S.C. §846, §841(c) (2) and §841©)(1).

3. In November, 2004, the United States Court of Appeal for the Eleventh Circuit (no.: 02-13473); (D.C. Docket 00-06211-CR-DTKH), reversed Mr. Narog's convictions and remanded the matter back to this court for a new trial.

1

4. Previously, the Defendant was released on bond by this court in late December 2001, pending his trial and subsequent conviction. Defendant Narog observed each and every condition of that bond.

5. During his entire incarceration, defendant has been a model inmate with no disciplinary action.

6. Defendant avers that he has been a long-standing member of his community, is an owner of real property in South Florida, and all of his immediate family, including his daughter and grandchildren, reside in South Florida.

7. Upon granting of this request, defendant would reside either at his home at 8 Castle Harbor Isles, Fort Lauderdale, Florida 33308, or, alternately, with his daughter and son-in law Mary Jane and Thomas Lucas at 2910 N.W. 70th Avenue, Margate, Florida 33063, or as directed by this Court.

8. The Eighth Amendment to The United States Constitution requires that bail be denied only for the strongest of reasons (Harris v United States, 92 S.Ct. 10, 12), (Douglas acting as Circuit Justice, 1971).

9. Defendant urges that this Court take notice that this request, unlike a request for bond pending appeal, is made subsequent to the Court of Appeals reversal and remand of the instant case.

10. Defendant submits that his community ties, family proximity, and his real property interest in the South Florida District, his previous adherence to all conditions of bond and his model comportment as an incarcerated individual form a totality to support this request. Release on bail would greatly enhance the Defendant's ability to prepare for trial and undersigned counsel would anticipate attorney-client meetings daily until the current trial calendar date of March 6, 2004, should the Court allow bail.

NOW, THEREFORE, defendant asks that this Honorable Court reinstate bail in a manner similar if not identical to the original terms of release for defendant and issue a judicial order causing his immediate release from confinement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent this ___17___ day of ~~July~~ Dec., 2004, to Thomas O'Malley, Office of the United States Attorney, 500 S. Australian Ave., Suite 400, West Palm Beach, Florida 33401-6235.

Respectfully submitted,

KEVIN J. KULIK
(Attorney for defendant Thomas Narog)
600 South Andrews Avenue
Suite 500
Fort Lauderdale, Florida 33301
954/761-9411

By: _____/s/ Kevin J. Kulik_____
Kevin J. Kulik
Florida Bar No.: 475841

3