UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY(s)

FILED BY: _____ D.C.

2005 FEB 22 PM 3:27

UNITED STATES OF AMERICA )
)
v. )
)
THOMAS NAROG )
)
_____)

## UNITED STATES' RESPONSE TO MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

The United States of America, by and through undersigned counsel, hereby files this response to Defendant, THOMAS NAROG's Motion to Suppress Physical Evidence and Statements. THOMAS NAROG seeks to have suppressed evidence from a pole camera which recorded the activities of NAROG and his co-conspirators inside the wall at the Shurguard Storage facility. Narog seeks to suppress: all videotaped images taken from the pole camera, including all observations by the agents of those images; the July 13, 2000, recorded statement of NAROG during which time he was questioned about the activities on the videotapes; the observations leading to following the subjects from Shurguard to a townhouse in Boynton Beach and all physical evidence in the townhouse; and all physical evidence seized pursuant to the search warrant on July 29, 2000. Because law enforcement officials had a right to be inside the Shurguard complex where the observations took place, and because they did not infringe on NAROG's legitimate expectation of privacy,

none of evidence should be suppressed.

The burden rests on the one who seeks to suppress to prove that his legitimate expectation of privacy has been violated by the challenged search. Rawlings v. Kentucky, 448 U.S. 98, 104 (1980) (Defendant seeking to suppress the search of his companion's purse bore 'the burden of proving not only that the search of the purse was illegal, but also that he had a legitimate expectation of privacy in that purse'.) In this case, NAROG fails on both counts as the search was not illegal and he has no standing to contest the search that was conducted. While he was an occupant of specific warehouses in the Shurguard storage complex, he has no standing to limit access to the rest of the complex.

The threshold question in every suppression case is "the existence of a reasonable expectation of privacy in the area to be searched . . . . The Fourth Amendment 'protects people and not simply areas and the determination of what protection is given generally requires reference to a place". See Katz v. United States, 389 US 347, 361 (1967). The capacity of a defendant to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place. See Rakas v. Illinois, 439 U.S. 128, 143. In this case, THOMAS NAROG had no legitimate expectation of privacy in the outside of his warehouse units, and the evidence should not be suppressed.

Drug Enforcement Administration (DEA) Agents had authorization to be on the Shurguard premises where they were able to make observations regarding NAROG's activities and his warehouses. Agents had spoken with management at the Shurguard storage facility who gave them permission and access to the complex. Management did not, and could not, give agents access to NAROG's warehouses, but they could, and did, authorize access to the complex. Shurguard management provided law enforcement officials with the pass code to allow them access to the complex so they could conduct their surveillance.

Additionally, during the course of the investigation DEA agents rented a warehouse at Shurguard next to NAROG's warehouse. Certainly, as clients of the Shurguard business, they had a right to be on the premises. Accordingly, whether by permission of the management or by virtue of the fact that they rented a nearby warehouse, the agents were permitted to be on the premises.

Once properly on the property, the agents were permitted to conduct surveillance of NAROG's warehouses. Surveillance of activities from location where the observer may properly be does not constitute a Fourth Amendment Violation. See United States vs. Fernandez, 58 F.3d 593, 597 (11th Cir. 1995)(police discovered marijuana in defendant's backyard from their vantage point in a helicopter 500 feet above the ground); United States vs. Whaley, 779 F.2d 585, 590 (11th Cir. 1986)(defendant who manufactured

cocaine in the basement of his home located on three acres of land bounded on one side by canal, did not have reasonable expectation of privacy as to activity in basement which could be viewed with naked eye from position on canal or on neighboring property); see also United States vs. Tarborda, 635 F.2d 131, 138-139 (2d Cir. 1980)(upholding unenhanced surveillance from an apartment across the street from defendant's apartment).

Once the agents were properly in the Shurguard complex, they were able to properly conduct surveillance. During the entire time they were properly on the premises, they were able to observe NAROG and his co-conspirators. They were not searching inside any of NAROG's warehouses but were observing his actions, and that of his co-conspirators, outside of the warehouse or between the warehouses. If they did look inside the warehouses, it was because the items were in plain view. On some occasions, the agents would walk past the open bay of NAROG's warehouse and see inside. Since the bay door was open, NAROG had no legitimate expectation of privacy and agents - properly on the premises - could conduct surveillance.

The fact that agents used a pole camera to assist in the surveillance is of no consequence. Agents used the pole camera once they determined that vehicle surveillance was of limited use. Any time the agents attempted to drive anywhere in the Shurguard complex, they were identified. Since surveillance in vehicles was

not working, agents decided to use a pole camera, which was positioned to observe outside the warehouse, not inside. Agents were authorized to be in that location and therefore did not violate the Fourth Amendment. Law enforcement may lawfully engage in investigatory actions not considered searches under the Fourth Amendment. See United States v. Dunn, 480 U.S. 294, 305 (1987)(officer's use of flashlight beam directed through 'essentially open' barn door was not a search); see also United States v. Decir, 257 F.3d 1233, 1236 (11th Cir. 2001).

At all times during the surveillance at the Shurguard complex, Shurguard management was aware and consented to the agents' presence on the property. Not only did management know what the agents were doing, but they provided the agents a pass code to get inside the complex. Since the agents had permission, they did not violate the Fourth Amendment in arriving at the place from which the evidence could be viewed. See Horton vs. California, 496 U.S. 128, 136 (1984); see also Vega Rodriguez vs. P.R. Tel. Co., 110 F.3d 174, 177 (1st Cir. 1997) (seizure valid because video cameras set up to monitor office provided lawful vantage point.) Therefore, any evidence that was seized from NAROG and/or his warehouses and any statements made, need not be suppressed because agents were validly on the premises.

WHEREFORE, the United States respectfully requests that this Court deny Defendant, THOMAS NAROG's Motion to Suppress Physical Evidence and Statements.

                                Respectfully submitted,

                                MARCOS D. JIMENEZ
                                UNITED STATES ATTORNEY

By: _____
    LAURENCE M. BARDFELD
    Assistant U.S. Attorney
    500 East Froward Blvd., #700
    Ft. Lauderdale, Florida  33394
    (954) 356-7255, Fax: 356-7228
    Fla. Bar No. 712450

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/sent via facsimile this 22rd day of February, 2005, to: Kevin Kulik, Esquire 600 South Andrews Avenue, Suite 500, Fort Lauderdale, FL 33301.

_____
LAWRENCE M. BARDFELD
ASSISTANT U.S. ATTORNEY