UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA

    Plaintiff

vs.

THOMAS NAROG

    Defendant.

_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on general order of reference from United States District Judge Daniel T. K. Hurley for disposition of all pretrial criminal motions and/or the filing of a report and recommendation. Before the Court is the Defendant's Motion to Suppress Physical Evidence and Statements (DE 738), filed on January 28, 2005. The Government filed a Response (DE 747) on February 22, 2005. The Court conducted an evidentiary hearing on February 23, 2005. The matter is now ripe for review.

### Defendant's Written Motion to Suppress

The Defendant moves this Court to suppress "all physical evidence, statements and observations . . . including but not limited to all of the contents of the 'Shurgard' storage facility attributed to the Defendant herein, plus those statements, physical evidence, and videotaped observations seized by the Government as 'fruit of the poisonous tree'". The Defendant argues that law enforcement should have obtained a search warrant prior to utilizing pole cameras to view the outside area of a private storage facility in which the Defendant rented storage units. The Defendant maintains that he had a reasonable



expectation of privacy in the area outside of his storage unit. He argues that the observations of law enforcement concerning the activities occurring in this outside area should be suppressed.

### The Government's Response

The Government argues that the Defendant lacks standing to challenge the search of the area outside of his storage unit. The Government asserts that law enforcement had permission from the owner of the storage facility to access the public area, including the area surrounding the Defendant's storage unit.

### Evidentiary Hearing

One witness testified at the evidentiary hearing. Bearing the burden to prove standing, the Defendant called DEA Agent Joseph Collins to the stand. Collins joined the DEA six and one half years ago. Prior to joining DEA, Collins was an accountant. Collins received his bachelor's degree in accounting.

Collins testified that the Shurgard storage complex is enclosed by a perimeter wall. The complex contains numerous individual storage units surrounded by an open area. In order to access the storage units, a visitor must enter a pass code. Collins testified that he and other agents approached the owner of the business, Brad Smith. The agents told Smith that they were conducting ongoing surveillance. According to Collins, Smith gave the agents express permission to access all of the public area within the complex. Smith provided the agents with an access code so that agents could freely enter and exit the complex. At one point, the agents actually rented a storage unit within the complex. As a result, the agents were able to access the facility with the same freedom as any other customer.

Collins stated that the agents set up two pole cameras on top of storage units adjacent to the Defendant's units. With these cameras in place, the agents were able to monitor the activities within the area surrounding the Defendant's units. Specifically, the agents observed deliveries to and from the Defendant's units. At no time were the pole cameras ever focused on the interior area of the units. Instead, Collins was certain that the cameras simply allowed the agents to observe activities within the outer perimeter of the individual units.

## Discussion

The Defendant bears the burden of proof to establish that his legitimate expectation of privacy has been violated by the challenged search. See United States v. Torres, 720 F.2d 1506, 1510 (11th Cir. 1983) (citing Rakas v. Illinois, 439 U.S. 128, 130 n. 1 (1978)). In this case, the Defendant cannot establish that he has a legitimate expectation of privacy in the area outside of his storage units. In addition, law enforcement had authorization to be on the premises of the storage facility. As such, they were empowered and authorized to observe activities within the area outside of the individual storage units. Surveillance of activities from a location where the observer is lawfully present does not constitute a Fourth Amendment violation. See United States v. Whaley, 779 F.2d 585, 590 (11th Cir. 1986).

Accordingly, the Court finds that the Defendant lacks standing to challenge the search of the area outside of his storage units.

## Recommendation

Based on the foregoing reasons, this Court RECOMMENDS to the District Court that the Defendant's Motion to Suppress Physical Evidence and Statements (DE 738) be DENIED.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T.K. Hurley, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 24 day of February 2005.

      ANN E. VITUNAC
      CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable Daniel T. K. Hurley
AUSA Laurence Bardfeld
Kevin Kulik, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-Hurley/Vitunac

UNITED STATES OF AMERICA

       Plaintiff,

vs.

THOMAS NAROG

       Defendant.
_____/

## ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendation of a United States Magistrate Judge as to Defendant's Motion to Suppress Physical Evidence and Statements (DE 738). Upon *de novo* review of the Report and Recommendation and in accordance with *28 U.S.C. §636(B)(1)(c)*, it is

ORDERED and ADJUDGED:

1. The Magistrate Judge's Report and Recommendation [DE __] is ADOPTED.

2. Defendant's Motion to Suppress Physical Evidence and Statements (DE 738) is DENIED.

DATED and SIGNED in Chambers at West Palm Beach, this _____ day of _____, 2005.

                                             _____
                                             Daniel T. K. Hurley
                                             United States District Judge

Copies to:
AUSA Laurence Bardfeld
Kevin Kulick, Esq.